## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H.Y.C., a minor, | ) | |
| by her Parents and Next Friends, | ) | |
| KYUNG CHUL CHO and JIN HEE CHO, | ) | C.A. No: |
| individually, SEONG YUN, individually, | ) | |
| and S.Y.C., a minor, | ) | |
| by his Parents and Next Friends, | ) | |
| KYUNG CHUL CHO and JIN HEE CHO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HYATT HOTELS CORPORATION , | ) | |
| a Delaware Corporation, | ) | **JURY OF TWELVE DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiffs H.Y.C., a minor, by her Parents and Next Friends, Kyung Chul Cho and Jin Hee Cho, Kyung Chul Cho, individually, Jin Hee Cho, individually, and S.Y.C., a minor, by his Parents and Next Friends, Kyung Chul Cho and Jin Hee Cho, by their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

1.     Defendant Hyatt Hotels Corporation, a Delaware Corporation ("Hyatt"), is one of the largest hotel franchisors in the world.  As of March 31, 2015, the Company's worldwide portfolio consisted of 599 properties in 50 countries.  From its headquarters in Chicago, Illinois, Hyatt selects, trains, supervises and designs facilities

for and advertises, supports and promotes its Hyatt franchisees worldwide, where it maintains institutional control over its franchisees.

2.      This is an action on behalf of H.Y.C., a young Korean girl, and her family for catastrophic personal injuries suffered in the swimming pool of the Hyatt Regency Danang Resort and Spa, in Vietnam ("Hyatt Danang") on or about October 3, 2014.  H.Y.C. was two years old at the time of the incident.

3.      Hyatt Danang, billed as a family-friendly resort with an inviting swimming pool, failed to provide a lifeguard at its large resort swimming pool connected to the children's pool and failed to warn that no lifeguard was on duty.   As a result of the negligence of Hyatt Danang and its franchisor, Hyatt, H.Y.C. nearly drowned and was left in a persistent compromised state, in which she is expected to remain for the rest of her life.  Hyatt is liable for the negligence of its franchisee under the doctrine of apparent agency.   In addition, Hyatt is directly liable for its own negligent selection, training and supervision of employees and its swimming pool design.   Plaintiffs demand general and special damages for pain and suffering, past, present and future medical expenses, negligent infliction of emotional distress and damages for mental anguish and loss of consortium.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in the United States District Courtfor the District of Delaware pursuant to pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant, because the amount in controversy between Plaintiffs and Defendant exceeds $75,000 exclusive of interest and costs,

because, among other reasons, Defendants have significant contacts with this district by virtue of doing business within this judicial district, and because Hyatt is an entity incorporated under the laws of Delaware.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Hyatt is incorporated under the laws of Delaware.

## THE PARTIES

6.      Plaintiff H.Y.C. is a minor and a citizen of Korea, residing in Seoul, Korea.  H.Y.C. was two years old at the time of the incident.

7.      Plaintiff S.Y.C. is a minor and a citizen of Korea residing with his parents in Seoul, Korea.  S.Y.C. is the brother of H.Y.C., and was four years old at the time of the incident.

8.      Kyung Chul Cho and Jin Hee Cho are the Parents and Next Friends of H.Y.C. and S.Y.C., and are citizens of Korea residing in Seoul, Korea.

9.      Defendant Hyatt is a Delaware corporation with its principal place of business in Chicago, Illinois.  At all relevant times, Hyatt Danang, located in Danang, Vietnam, was a franchisee of Hyatt.

## THE RELATIONSHIP BETWEEN HYATT AND HYATT DANANG

10.      Hyatt is a Delaware franchisor that advertises high-quality, family-friendly hotel services worldwide, including Hyatt Danang.  On its website, Hyatt boasts that it is "a global hospitality company with widely recognized, industry leading brands and a tradition of innovation developed over our more than fifty-year history."

11.     On information and belief, Hyatt entered into a franchise agreement with Hyatt Danang, which allowed Hyatt to control the standards, guest safety protocols and specifications to which Hyatt Danang was operated, and Hyatt retains the right to inspect and investigate Hyatt Danang at any time to ensure ongoing compliance with Hyatt's rules and regulations.

12.     Hyatt provides information to customers about the Hyatt Danang resort in advertisements and promotional materials, including on one or more Internet websites.   On information and belief, Hyatt operates and controls the content of the Hyatt Danang's website.   The website states the following in the lower right hand corner of the home page: "© 2015 Hyatt Corporation."  A similar mark has appeared on the Hyatt Danang website at all relevant times in this case.

**FROM ITS HEADQUARTERS IN CHICAGO,
HYATT EXERCISES INSTITUTIONAL CONTROL OVER ITS
FRANCHISEES AS IT SELECTS ITS FRANCHISEES,
ENFORCES BRAND STANDARDS, AND MAINTAINS AND
ADVERTISES A CLOSE RELATIONSHIP WITH ITS FRANCHISEES**

13.     From its headquarters in Chicago, Hyatt administers a detailed selection process for prospective franchisees.   Once a franchise has been granted, Hyatt builds and maintains a close franchise relationship with its franchisees for the express purpose of protecting the invaluable goodwill and intellectual property that Hyatt and its associated brands have developed at enormous expense over decades in the lodging industry worldwide.

14.     As part of its efforts to maintain institutional control over its franchisees, Hyatt enforces strict minimum contractual and industry standards governing its franchisees by close monitoring and supervision, on-site visits, including, on

information and belief, undercover and unannounced visits, quality control, and where necessary, termination of franchisees and litigation to prevent dilution of intellectual property.

15.     Hyatt manages on-line reservations for its franchisees, making it easy for customers to make reservations for Hyatt hotels around the world.  Hyatt also operates a toll-free telephone reservation system for its franchisees.  As with other franchisees, Hyatt provides these services with respect to Hyatt Danang.

16.     Hyatt provides information to customers about the Hyatt Danang resort on the Hyatt website.  The site informs customers about the activities and amenities available at Hyatt Danang, and provides booking services, among various other services.

**HYATT PROVIDES COMPREHENSIVE
SERVICES TO ITS FRANCHISEES**

17.     Hyatt provides numerous services to its franchisees.  On information and belief, Hyatt assists franchisees with many facets of its hotel operations, including sales and marketing, staff training, administrative functions and quality-assurance measures.

18.     On information and belief, Hyatt indicates that the advantages of franchising are brand recognition, marketing, a reservation system, training and unlimited resources.  Franchising allows a hotel to be associated with a well-known brand and be part of a large marketing effort.  Franchising allows a hotel to be part of a reservation system that will sell the hotel for the franchisee.

19.     On information and belief, as a franchisor, Hyatt plays a central role in the design and renovation of franchised hotels.

20.     On information and belief, Hyatt provides comprehensive training for its franchisees at or through its Chicago headquarters, including detailed training in sales, supervisory activities, hiring process, and quality control.

21.     On information and belief, Hyatt continues to maintain its institutional control over its franchisees by providing ongoing training, education, and conducting special events for franchisees.

22.     Upon information and belief, Hyatt emphasizes and promotes the importance of its brand name trademarks.  Hyatt has a trademark statement on its website, indicating that "Hyatt®, Hyatt Hotels & Resorts®, Park Hyatt®, Andaz®, Hyatt Regency®, Grand Hyatt®, Hyatt Place®, Hyatt House®, Hyatt Residence Club™, Camp Hyatt®, Grand Club®, Regency Club®, Hyatt Gold Passport®, and other related marks used on the Site are trademarks of Hyatt Corporation and its affiliates. . . .  Those marks and related names, trademarks, logos, designs, and trade dress shown on the Site are owned by Hyatt and protected by the trademark laws of the United States and other jurisdictions."  On information and belief, this also includes the trademarks and logos affiliated with Hyatt Danang.

23.     The Hyatt marks have been widely advertised.  The marks have become an asset of substantial value as a symbol of Hyatt through widespread and favorable public acceptance and recognition.

### THE CHOS DECIDED TO STAY AT A HYATT DANANG BECAUSE OF ITS REPUTATION FOR SAFETY AND QUALITY

24.     In 2014, the Cho Family, which included H.Y.C.'s grandparents, aunt, uncle, and cousins, decided to plan a family vacation for a period of time commencing on October 2, 2014.

25.     The Chos visited a website of Hyatt Danang, which prominently displays the Hyatt mark.  The Chos relied on the statements on the website regarding Hyatt including statements that the resort was suitable for families.  On information and belief, all such websites operate with the knowledge and consent of Hyatt and Hyatt Danang, who zealously guard their trademarks and monitor and control the content of promotional materials.

26.     The Hyatt website describes Hyatt Danang as a family-friendly resort. Among other things, the Hyatt website describes a "Camp Hyatt" at Hyatt Danang for children between the ages of three to twelve years old.  Some of the available activities described include "Face painting • number and flag • Children's dress-up party • team-building activities • I am a singer • duck, duck, goose • Camp Hyatt stretching • chair play • Wii and Playstation • 1, 2, 3 stop • Mini cinema • colouring • Wall climbing • treasure hunt • Hat decoration • beach fun walk • Catch me up • blind man's bluff • Chicken mom • clay objects • Hide and seek • missing objects game • Little chefs of the world • book reading • Beach sand castle • in-box games • Ball play • balloon decoration • I am a magician • pretend fishing • Pouring water."

27.     The Hyatt website also describes Hyatt Danang as having "Family Leisure Activities," including "Pool," "Resort activities," and a "Water Slide."  As

Hyatt describes on the Hyatt Danang website with respect to the water slide, "[o]ur resort is designed so parents and children may enjoy their stay to the fullest extent. . . . A water slide has been installed at our resort's main pool offering our guests an endless variety of outdoor activities amid the restaurants and the expanded sun deck area." But the statements on the website did not stop there. Hyatt continues: "This complimentary water slide feature gives us one more reason to claim that *we are the best family resort in Danang*." (Emphasis added.)

28. With respect to the swimming pools located at Hyatt Danang, the Hyatt website states that Hyatt Regency Danang Resort and Spa has five pools in total, including the Beach Pool, the Garden Pool, the Fitness Pool, the Regency Club Pool and the Residences Pool. The main pool at the resort is located a few steps away from the sand and offers a spectacular beach view and various small connecting water features in a unique labyrinthine design." According to Hyatt's website, the pools are open "[f]rom sunrise to sunset (based on weather condition)," and *"[a] lifeguard service is available during opening hours*." (Emphasis added.) Hyatt Danang even provides "swimming lessons" for "children aged seven years and above."

29. After reviewing the Hyatt website, the Chos decided to book a trip to Hyatt Danang.

### THE DAY AFTER THE FAMILY'S ARRIVAL, H.Y.C. SUFFERS CATASTROPHIC INJURIES IN HYATT DANANG SWIMMING POOL WITH NO LIFEGUARD ON DUTY AND <u>NO WARNING THAT NO LIFEGUARD WAS ON DUTY</u>

30. On October 2, 2014, the Cho Family left home for their vacation and arrived at Hyatt Danang in Danang, Vietnam.

31.     The next day, the Cho family went to the resort's swimming pool area. The large, freeform pool was being used by other patrons.

32.     Hyatt Danang, however, did not provide a lifeguard for the swimming pool, despite the fact that the resort catered to families *and had a children's pool immediately adjacent to the larger pool.*

33.     Hyatt Danang staff failed to warn the Cho Family that there was no lifeguard on duty.

34.     Hyatt Danang failed to post signs in conspicuous and sufficient places at the swimming pool warning that there was no lifeguard on duty.

35.     H.Y.C. wandered from the children's sand area into the connected large freeform pool.

36.     Jin Hee was unable to locate her daughter, H.Y.C..

37.     Jin Hee discovered her daughter, H.Y.C., floating and motionless in the adult pool.

38.     H.Y.C. was submerged in the large pool for a sufficient duration to cause catastrophic, permanent brain damage.

39.     Jin Hee rescued her daughter from the pool.

40.     Hyatt Danang posted no employees in the swimming pool area who were responsible for monitoring the pool, capable of detecting H.Y.C.'s presence at the bottom of the large swimming pool, assisting Jin Hee in her rescue effort, or competently performing CPR and other resuscitation efforts on H.Y.C..

41.     After Jin Hee rescued H.Y.C. from the adult swimming pool, a hotel worker in a Hyatt uniform began performing CPR on H.Y.C..

42.     Several minutes later, an anonymous patron who is believed to be a nurse from Australia, performed CPR on H.Y.C..

43.     After more than ten minutes from the time the hotel worker began CPR on H.Y.C., another hotel worker brought over an AMBU Single Patient Use Resuscitator to aid in the resuscitation but placed the mask on upside down and incorrectly, as later confirmed by an anonymous Korean physician, who arrived on the scene later.  It was clear that the individual who put on the resuscitator was not properly trained.

44.     The Korean physician arrived at the scene about twenty minutes after H.Y.C. was rescued from the pool by her mother.

45.     During this time, the Cho Family repeatedly asked the hotel management and staff about the status of an ambulance and requested hotel management and staff to drive H.Y.C. to the hospital in a hotel vehicle.

46.     The hotel management and staff told the Cho Family that they needed to wait for an ambulance and that the hotel staff would not drive them.

47.     An ambulance did not arrive for at least forty minutes from the time the hotel employee began to apply CPR to H.Y.C..

48.     The Cho Family later discovered that the nearest hospital was only an approximate five-minute drive from the hotel.

49.     H.Y.C. remained at the Danang Hospital for Women and Children until October 30, 2014.

50.     H.Y.C. suffered profound damage to her brain functions as a result of being submerged in the pool.

51.     H.Y.C. remains in a compromised state and requires constant medical attention.

52.     H.Y.C. will remain in a compromised state and require constant medical attention for the rest of her life.

## COUNT I:

## HYATT'S LIABILITY FOR FRANCHISEE'S NEGLIGENCE
## UNDER THE DOCTRINE OF APPARENT AUTHORITY

53.     Plaintiffs reallege all preceding paragraphs as though fully set forth herein.

54.     The Chos, directly relied on the indicia of authority originated by Hyatt, in deciding to stay at Hyatt Danang.

55.     Representations made directly to the Chos and to their travel agent, and representations made to the community in general, by way of Hyatt's extensive advertising, including but not limited to Internet advertising, caused the Chos, directly and through their travel agent, to reasonably rely on the indicia of authority originated by Hyatt.

56.     Hyatt controls, or has the right to control, the business of Hyatt Danang, including, on information and belief, through the franchise agreement.

57.     Hyatt Danang owed a duty to the Chos, as business invitees, to exercise reasonable care to ensure that the entire premises, including the "inviting" swimming pool, was safe.

58.     Hyatt Danang breached its duty to provide a safe swimming pool area, *inter alia*, by:

a.   Failing to provide lifeguards.

b.   Failing to verbally warn the Chos that there was no lifeguard on duty.

c.   Failing to post adequate signage at the pool stating that there was no lifeguard on duty.

d.   Negligently hiring, training and supervising its employees.

e.   Negligently designing the swimming pool.

f.   Violating industry standards for swimming pool safety.

g.   Failing to adequately train employees to observe the use of the pool by guests.

h.   Failing to train employees in application of resuscitation equipment when needed.

59.     The negligence of Hyatt Danang was a direct and proximate cause of Plaintiffs' injuries.

60.     Hyatt Danang's failure to provide a lifeguard for a pool that is marketed to families with a pool for children next to an adult pool, without any fencing or other barriers, creates a situation in which an injury such as the injury sustained by H.Y.C. was imminently foreseeable.

61.     Hyatt Danang's failure to warn the Chos that there was no lifeguard on duty at a family-friendly resort lulled the Chos into a false sense of security and caused them to be unaware of the dangers that surrounded the unattended swimming pool. Consequently, H.Y.C. entered into the large swimming pool undetected.  Failure to provide a warning that there was no lifeguard on duty was a direct and proximate cause of Plaintiffs' injuries. The failure to warn patrons that there was no lifeguard on duty at a pool created a situation in which an injury such as the injury sustained by H.Y.C. is imminently foreseeable.  In fact, Hyatt Danang was required to have a lifeguard on duty at all times under Vietnamese law.

62.     As a result of Hyatt Danang's negligence, Plaintiffs suffered grievous permanent injuries and damages.  H.Y.C. suffered severe fright and pain, sustained profound, life-altering brain injuries, and as a consequence will remain in a compromised state for the rest of her life.  Kyung Chul Cho, Jin Hee Cho, and S.Y.C. have sustained serious mental anguish and loss of consortium as a result of H.Y.C.'s injuries.

63.     Under the Doctrine of Apparent Authority and the facts and circumstances alleged, Hyatt is liable for the negligence of its authorized franchisee, Hyatt Danang.

## COUNT II:

**UNDER THE DOCTRINE OF APPARENT AUTHORITY,
HYATT IS LIABLE FOR FRANCHISEE'S NEGLIGENCE UNDER
THE DOCTRINE OF ATTRACTIVE NUISANCE**

64.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

65.     The Chos, directly and through their travel agent, relied on the indicia of authority originated by Hyatt, in deciding to stay at Hyatt Danang.

66.     Representations made directly to the Chos and to their travel agent, and representations made to the community in general, by way of Hyatt's extensive advertising, including but not limited to Internet advertising, caused the Chos, directly and through their travel agent, to reasonably rely on the indicia of authority originated by Hyatt.

67.     Hyatt controls, or has the right to control, the business of Hyatt Danang, including, on information and belief, through the franchise agreement.

68.     Hyatt Danang owed a duty to the Chos, as business invitees, to exercise reasonable care to ensure that the entire premises, including the "inviting" swimming pool, were safe.  This duty included maintaining a safe swimming environment at the pool.  Defendant knew, or should have known, that the inviting large swimming pool with a sunken bar, connected to the children's pool, was alluring to children and that, especially when unsupervised by a lifeguard, without warning that no lifeguard was on duty, the pool presented a danger to children.

69.     Despite its assurances that Hyatt Danang was a family-friendly environment and its knowledge that the large swimming pool was both alluring and dangerous to children, Hyatt Danang breached its duty to the Chos.  Hyatt Danang failed to exercise reasonable care to protect from injury a child who yielded to the pool's attraction by, *inter alia*, failing to provide a lifeguard on duty and failing to warn the Cho Family that there was no lifeguard on duty.

70.     The injuries sustained by H.Y.C. were imminently foreseeable in the absence of a lifeguard and any warning to the Cho Family that there was no lifeguard on duty.

71.     Under the foregoing circumstances, the swimming pool constituted an attractive nuisance to children and the maintenance of that facility was a proximate cause of H.Y.C.'s submersion and all resulting injuries to Plaintiffs.

72.     As a result of Hyatt Danang's negligence, Plaintiffs suffered grievous injuries and damages.  H.Y.C. suffered severe fright and pain, sustained profound life-altering brain injuries and will remain in a compromised state for the rest of her life. Kyung Chul Cho, Jin Hee Cho, and S.Y.C. have sustained serious mental anguish and loss of consortium as a result of H.Y.C.'s injuries.

73.     Under the Doctrine of Apparent Authority and the facts and circumstances alleged, Hyatt is liable for the negligence of its authorized franchisee, Hyatt Danang.

## COUNT III:

### NEGLIGENT SELECTION AND RETENTION OF FRANCHISEE

74.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

75.     As a franchisor, Hyatt has a duty to exercise reasonable care when selecting and retaining its franchisees.

76.     Hyatt breached its duty to exercise reasonable care when it directly approved the selection of Hyatt Danang as a franchisee because Hyatt knew, or in the exercise of reasonable care, should have known, that Hyatt Danang failed to provide a

safe and family friendly environment for its patrons.  In fact, among other things, Hyatt knew, or in the exercise of reasonable care, should have known, that Hyatt Danang negligently failed to provide a lifeguard or warn its patrons that no lifeguard was on duty at its swimming pool.

77.     As a direct result of Hyatt's breach of its duty to exercise reasonable care in selecting and retaining Hyatt Danang as a franchisee, Hyatt Danang was able to market its hotel as a Hyatt brand name hotel and operate its hotel under the pretense that it was both safe and family friendly.  However, the hotel was neither safe nor family friendly as it failed to provide a lifeguard for its inviting swimming pool and failed to warn the Chos that there was no lifeguard on duty.  Consequently, H.Y.C. sustained permanent, catastrophic injuries after being submerged in the Hyatt Danang swimming pool.

78.     Hyatt's negligent selection and retention of Hyatt Danang was a direct and proximate cause of H.Y.C.'s injuries and all of Plaintiffs' injuries and damages.

79.     As a result of being submerged in the swimming pool, H.Y.C. sustained profound life-altering injuries and will remain in a compromised state for the rest of her life.  Kyung Chul Cho, Jin Hee Cho, and S.Y.C. have suffered and continue to suffer mental anguish and loss of consortium as a result of H.Y.C.'s injuries.

**COUNT IV:**

**NEGLIGENT TRAINING OF FRANCHISEE**

80.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

81.     Hyatt owed Plaintiffs a duty to exercise reasonable care in training its franchisee, Hyatt Danang.

82.     Hyatt breached its duty by failing to properly train its franchisee, Hyatt Danang, on generally accepted swimming pool safety standards, including pool design, supervision, signage and warnings to patrons.  Hyatt breached its duty by failing to properly train its franchisee to provide lifeguards at a family resort swimming pool with a sunken bar, to warn patrons that there was no lifeguard on duty and to provide proper resuscitation and response training for emergency situations.

83.     As a result of Hyatt's breach of its duty to properly train its franchisee, Hyatt Danang failed to provide a lifeguard at its inviting, unfenced swimming pool and failed to warn the Chos that there was no lifeguard on duty.  Consequently, H.Y.C. entered the swimming pool undetected and became submerged in the swimming pool. The hotel employee who initially performed CPR on H.Y.C. performed CPR incorrectly, and placed the AMBU Single Patient Use Resuscitator mask on upside down.  The Hotel also refused to take H.Y.C. to the Hospital.

84.     Hyatt's negligent training of Hyatt Danang and its employees was a direct and proximate cause of H.Y.C.'s injuries and all of Plaintiffs' injuries and damages.

85.     As a result of Hyatt's negligent training, H.Y.C. was submerged in the swimming pool and sustained serious injuries.  She will remain in a compromised state

for the rest of her life.  Kyung Chul Cho, Jin Hee Cho, and S.Y.C. have suffered and continue to suffer mental anguish and loss of consortium as a result of H.Y.C.'s injuries.

## COUNT V:

### NEGLIGENT SUPERVISION OF FRANCHISEE

86.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

87.     Hyatt owed Plaintiffs a duty to exercise reasonable care in supervising its franchisee, Hyatt Danang.

88.     Hyatt breached its duty to properly supervise Hyatt Danang franchisee. As a result of this negligent supervision, Hyatt Danang failed to provide lifeguards at a crowded swimming pool, warn the Chos that there was no lifeguard on duty, provide warning signs that there was no lifeguard on duty, and failed to train the franchisee to provide response and proper resuscitation in emergencies.

89.     As a result of Hyatt's breach of its duty to properly supervise Hyatt Danang,  H.Y.C. entered the large swimming pool immediately adjacent to the children's pool undetected and became submerged in the swimming pool.  The hotel employee who initially performed CPR on H.Y.C. performed CPR incorrectly, and placed the AMBU Single Patient Use Resuscitator mask upside down.  The Hotel also refused to take H.Y.C. to the Hospital.  Hyatt's negligent supervision of Hyatt Danang was a direct and proximate cause of H.Y.C.'s injuries and all of Plaintiffs' other injuries and damages.

90.     As a result of Hyatt's negligent supervision of Hyatt Danang franchisee, H.Y.C. was submerged in the swimming pool and sustained devastating personal

injuries.  She will remain in a compromised state for the rest of her life.  Kyung Chul Cho, Jin Hee Cho, and S.Y.C. have suffered mental anguish and loss of consortium as a result of H.Y.C.'s injuries.

## COUNT VI:

### NEGLIGENT DESIGN AND/OR APPROVAL OF
### HYATT DANANG SWIMMING POOL

91.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

92.     Hyatt owes a duty to exercise reasonable care in designing and/or approving the use of swimming pools safe for the patrons of its franchisees.

93.     As a franchisor, Hyatt maintains institutional control over its franchisees and is intimately involved in the design and approval of its franchisees' hotels, recreational facilities, swimming pools, parking areas and signage.

94.     On information and belief, Hyatt was involved in the design plan for Hyatt Danang, specifically including the swimming pool, which is the architectural centerpiece of the property and a center of family recreational activities.

95.     Hyatt approved the use of the swimming pool of Hyatt Danang after its authorized personnel, acting within the scope of their employment, traveled to the site and inspected and evaluated the facility in person.

96.     Hyatt breached its duty to exercise reasonable care in the design and/or approval of a safe swimming pool when it participated in and/or approved the design and/or approved the use of Hyatt Danang swimming pool, which did not meet generally accepted safety standards.

97.     As a result of Hyatt's breach of its duty to exercise reasonable care in the design and/or approval of use of a swimming pool safe for its patrons, H.Y.C. entered Hyatt Danang swimming pool undetected and was submerged in the swimming pool. Consequently, she sustained permanent and catastrophic injuries.

98.     Hyatt's negligent design and/or approval of the use of the Hyatt Danang swimming pool was a direct and proximate cause of H.Y.C.'s injuries.

99.     As a result of Hyatt's negligence, H.Y.C. sustained grievous and permanent injuries.  She will remain in a compromised state for the rest of her life. Kyung Chul Cho, Jin Hee Cho, and S.Y.C. have suffered and continue to suffer mental anguish and loss of consortium as a result of H.Y.C.'s injuries.

<u>**COUNT VII**</u>

**NEGLIGENCE PER SE**

100.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

101.    At the time and place of H.Y.C.'s injury, there was a law, ordinance and statute in effect under Vietnamese law that required a lifeguard to be on duty while swimming pools were being used by hotel patrons.  Defendants were in violation of such law, ordinance and statute for failing to have a lifeguard on duty when H.Y.C. nearly drowned.

102.    As a result of Hyatt's negligence, H.Y.C. sustained grievous and permanent injuries.  She will remain in a compromised state for the rest of her life. Kyung Chul Cho, Jin Hee Cho, and S.Y.C. have suffered and continue to suffer mental anguish and loss of consortium as a result of H.Y.C.'s injuries.

## COUNT VIII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

103.   Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

104.   Hyatt, through its franchisee Hyatt Danang owed a duty to the Chos, as business invitees, to exercise reasonable care to ensure that the entire premises, including the "inviting" swimming pool, was safe.

105.   Hyatt Danang breached its duty to provide a safe swimming pool area, *inter alia*, by:

     i.   Failing to provide lifeguards.

     j.   Failing to verbally warn the Chos that there was no lifeguard on duty.

     k.   Failing to post adequate signage at the pool stating that there was no lifeguard on duty.

     l.   Negligently hiring, training and supervising its employees.

     m.  Negligently designing the swimming pool.

     n.   Violating industry standards for swimming pool safety.

     o.   Failing to adequately train employees to observe the use of the pool by guests.

     p.   Failing to train employees in application of resuscitation equipment when needed.

106.   As a result of Hyatt Danang's negligence, Plaintiffs have suffered emotional distress. The negligence of Hyatt Danang was a direct and proximate cause of Plaintiffs' emotional distress.

107.    Plaintiffs were in the pool area beginning at the time H.Y.C. wandered from the children's sand area into the connected large freeform pool.

108.    The Cho Family witnessed firsthand the failed rescue attempts performed upon H.Y.C..

109.    The Cho Family was shocked and outraged at the failures of Hyatt Danang and its staff from the time H.Y.C. wandered into the large freeform pool throughout the witnessed rescue attempts.

110.    As a result of Hyatt's negligence, the Cho Family suffered physical injury and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Hyatt for:

1.    General damages for H.Y.C.'s fright, pain and suffering;

2.    Special damages for H.Y.C.'s past, present and future medical, hospital, medication, medical transportation, medical equipment, doctors, health care, rehabilitation therapy, nurse's and all related health care and life care expenses;

3.    Special damages for H.Y.C.'s loss of future earnings and injury to earning capacity;

4.    General damages for Kyung Chul Cho and Jin Hee Cho's loss of filial consortium as the result of being deprived of H.Y.C.'s companionship;

5.    General damages for S.Y.C.'s loss of consortium as a result of being deprived of H.Y.C.'s companionship;

6.    General damages for the Cho Family's emotional distress;

7.    Interest and costs; and

8.    Such other and further damages as the Court deems just.


Dated:  October 2, 2015                    **COOCH AND TAYLOR, P.A.**


                                             _/s/ Gregory F. Fischer_
                                           C. Scott Reese (No. 2036)
                                           Gregory F. Fischer (No. 5269)
                                           The Brandywine Building
                                           1000 West Street, 10th Floor
                                           Wilmington, DE 19801
                                           Telephone: (302) 984-3800
                                           Fax: (302) 984-3939
                                           sreese@coochtaylor.com
                                           gfischer@coochtaylor.com

                                           *Counsel for Plaintiffs H.Y.C., a minor, by
                                           her Parents and Next Friends, Kyung Chul
                                           Cho and Jin Hee Cho, Kyung Chul Cho,
                                           individually, Jin Hee Cho, individually,
                                           and S.Y.C., a minor, by his Parents and
                                           Next Friends, Kyung Chul Cho and Jin
                                           Hee Cho*

Of Counsel:
Seong H. Kim (pro hac vice pending)
skim@steptoe.com
Justin Park (pro hac vice pending)
redelson@steptoe.com
James Wald (pro hac vice pending)
jwald@steptoe.com
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars Suite 2800
Los Angeles, California 90067
Telephone:    (310) 734-320
Facsimile:    (310) 734-3300