## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

H.Y.C., a minor,
by her Parents and Next Friends,
KYUNG CHUL CHO and JIN HE CHO,
individually, SEONG YUN, individually,
and S.Y.C., a minor,
by his Parents and Next Friends,
KYUNG CHUL CHO and JIN HE CHO,

        Plaintiffs,

   vs.

HYATT HOTELS CORPORATION, a
Delaware Corporation,

        Defendant.

Case No. 1:15-cv-00887 RGA

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Of Counsel:
Seong H. Kim (pro hac vice pending)
Justin Park (pro hac vice pending)
James Wald (pro hac vice pending)
**STEPTOE & JOHNSON LLP**
2121 Avenue of the Stars Suite 2800
Los Angeles, California 90067
Telephone:   (310) 734-3200
Facsimile:   (310) 734-3300
skim@steptoe.com
ijpark@steptoe.com
jwald@steptoe.com

*Counsel for Plaintiffs*


Dated:  November 23, 2015

C. Scott Reese (No. 2036)
**COOCH AND TAYLOR, P.A.**
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 984-3800
Fax: (302) 984-3939
sreese@coochtaylor.com

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

**Page**

I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ... 1

II. SUMMARY OF ARGUMENT .......................................................................... 1

III. STATEMENT OF FACTS ................................................................................ 3

IV. ARGUMENT ................................................................................................... 4

A. HYATT FAILED TO DEMONSTRATE THAT PLAINTIFFS'
CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6)............. 4

1. The Court Should Not Consider Evidence Outside The Pleadings .... 5

2. Plaintiffs Have Sufficiently Plead Negligence Claims Against Hyatt 7

3. If The Court Is Inclined To Convert The Motion To A Summary
Judgment Motion, Plaintiffs Should Be Afforded Discovery And
More Time To Respond .................................................................... 11

4. If The Court Is Inclined To Grant Hyatt's 12(b)(6) Motion, Plaintiffs
Request Leave To Amend ............................................................... 11

B. HYATT FAILED TO MEET ITS BURDEN OF DEMONSTRATING
THAT DISMISSAL UNDER THE DOCTRINE OF *FORUM NON
CONVENIENS* IS WARRANTED IN THIS CASE ............................. 12

1. Hyatt Failed To Show That Korea Or Vietnam Are Adequate Fora 13

2. Plaintiffs' Choice Of Forum Is Entitled To Weight ......................... 14

3. The Private Interest Factors Do Not Weigh Heavily In Favor Of
Dismissal ........................................................................................ 14

a) The Relative Ease of Proof ....................................................... 14

b) The Compulsory Process and Cost of Obtaining Witnesses ...... 15

c) Possibility of View of Premises................................................. 16

d) Other Practical Issues ............................................................... 16

4. The Public Interest Factors Do Not Weigh Heavily In Favor Of Dismissal................................................................................ 16

   a) Administrative Difficulties Flowing From Court Congestion.... 16

   b) Local Interest ............................................................................. 17

   c) Conflict of Laws or Application of Foreign Law ....................... 17

   d) Burden on Local Jurors.............................................................. 18

5. On Balance, Dismissal On *Forum Non Conveniens* Grounds Is Not Warranted ......................................................................................... 18

V.     CONCLUSION.................................................................................... 20

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Argro v. Marriott Int'l, Inc.*,
 No. 13-5507, 2014 U.S. Dist. LEXIS 77952 (E.D. Pa. June 6, 2014)............................6, 8, 10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)............................................................................................................4

*Burke v. Quartey*,
 969 F. Supp. 921 (D. N.J. 1997) ......................................................................................12

*Clark v. Marriott Envtl. Servs.*,
 No. 93-cv-3279, 1994 U.S. LEXIS 1328 (E.D. Pa. Jan. 6, 1994) ............................................7

*Colantonio v. Hilton Int'l Co.*,
 No. 03-1833, 2004 U.S. Dist. LEXIS 15991 (E.D. Pa. Aug. 16, 2004) ..................................18

*Covington v. Int'l Ass'n of Approved Basketball Officials*,
 710 F.3d 114 (3d Cir. 2013) ............................................................................................5

*Dole v. Arco Chem. Co.*,
 921 F.2d 484 (3d Cir. 1990) ............................................................................................12

*Drexel v. Union Prescription Ctrs., Inc.*,
 582 F.2d 781 (3d Cir. 1978) ............................................................................................8

*Gianfredi v. Hilton Hotels Corp., Inc.*,
 No. 08-5413, 2010 U.S. Dist. LEXIS 33227 (D. N.J. Apr. 5, 2010)............................... 10-11

*Gilbertson v. Hilton Worldwide, Inc.*,
 No. 12-5124, 2013 U.S. Dist. LEXIS 47654 (D. N.J. Apr. 2, 2013)..................................6, 10

*Gizzi v. Texaco, Inc.*,
 437 F.2d 308 (3d Cir. 1971) ............................................................................................9

*Gulf Oil Corp. v. Gilbert*,
 330 U.S. 501 (1947)..........................................................................................................14

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
 184 F.3d 280 (3d Cir. 1999) ............................................................................................6, 11

*Lacey v. Cessna Aircraft Co.*,
 862 F.2d 38 (3d Cir. 1988) ("Lacy I").................................................................... 12-14, 18

*Lacey v. Cessna Aircraft Co.*,
  932 F.2d 170 (3d Cir. 1991) ("Lacey II")..................................................12, 14, 19

*Lewis v. Lycoming*, 917 F. Supp. 2d 366 (E.D. Pa. 2013) ............................................16

*Lind v. Schenley Indus., Inc.*
  278 F.2d 79 (3d Cir. 1960) ......................................................................................8

*Lynch v. Hilton Worldwide, Inc.*,
  No. 11-1362, 2011 U.S. Dist. LEXIS 126003 (D. N.J. Oct. 31, 2011) ....................... 13, 15-17

*Malone v. Air & Liquid Sys. Corp.*,
  No. 14-406, 2015 U.S. Dist. LEXIS 48697 (D. Del. Apr. 24, 2015) ....................................11

*Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd.*,
  770 F. Supp. 832 (S.D.N.Y. 1991) ...........................................................................13

*Nihon Tsushin Kabushiki Kaisha v. Davidson*,
  595 F. Supp. 2d 363 (D. Del. 2009)...........................................................................15

*Nowak v. Tak How Invs., Ltd.*,
  94 F.3d 708 (1st Cir. 1996), *cert. denied*, 520 U.S. 1155 (1997)...........................................18

*Phillips v. Cnty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ................................................................................... 4-5

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235, 241 (1981) ("Piper")...........................................................................12, 16

*Platypus Wear, Inc. v. Clarke Modet & Co.*,
  No. 06-cv-20976, 2008 U.S. Dist. LEXIS 107078 (S.D. Fla. June 23, 2008)...........................8

*Rodriguez v. Samsung Elecs. Co., Ltd.*,
  734 F. Supp. 2d 220 (D. Mass. 2010) ......................................................................13, 18

*Rubert-Torres v. Hosp. San Pablo, Inc.*,
  205 F.3d 472 (1st Cir. 2000)....................................................................................5

*Rucker v. Marriott Int'l, Inc.*,
  No. 03-4729, 2004 U.S. Dist. 461 (E.D. Pa. Jan. 2, 2004) .......................................................6

*Rudisill v. Sheraton Copenhagen Corp.*, 817 F. Supp. 443 (D. Del. 1993) ...............................13

*Solomon v. Avenue Constr., LLC*,
  No. 10-1115-RGA, 2012 WL 2339260 (D. Del. June 19, 2012) (R. Andrews,
  J.) ...............................................................................................................6

*Tradimpex Egypt Co. v. Biomune Co.*,
    777 F. Supp. 2d 802 (D. Del. 2011) ("Tradimpex")............................13-14, 17-18

*W. Penn Allegheny Health Sys. v. UPMC*,
    627 F.3d 85 (3d Cir. 2010) ...................................................................5

*Wholesale Merch. Processing, Inc. v. Orion Commc'ns, Inc.*,
    No. 03-12-CV-02003, 2013 WL 1361863 (D. Or. Mar. 4, 2013) ..........................15

STATE CASES

*Billops v. Magness Const. Co.*,
    391 A.2d 196 (Del. Supr. 1978) ........................................................8-10

*General Foods Corp. v. Cryo-Maid*,
    198 A.2d 681 (Del. 1964) .................................................................20

*Ison v. E.I. Dupont de Nemours & Co., Inc.*,
    729 A.2d 832 (Del. 1999) .................................................................16

*Lee v. Choice Hotels Int'l*,
    No. 02C-10-280 (CHT), 2006 WL 1148755 (Del. Super. 2006) ("Choice
    Hotels")..................................................................................19-20

*Lighthouse Village Condo. Ass'n, Inc. v. Cummins Elec., LLC*,
    No. S08C-04-008, 2010 WL 5307259 (Del. Super. Dec. 8, 2010) ........................9

*Martinez v. E.I. DuPont De Nemours & Co., Inc.*,
    82 A.3d 1 (Del. Super. 2012)...........................................................7, 19

STATUTES

Fed. R. Civ. P. 12(b)(6) .........................................................................1, 4-5

Fed. R. Civ. P. 12(d) ...............................................................................11

Fed. R. Civ. P. 15(a)(2)............................................................................12

Fed. R. Civ. P. 56..................................................................................2-5

TREATISES

Restatement 2d Agency §§ 8, 8B, 27 (1957).......................................................9

Plaintiffs[1] respectfully submit this opposition to defendant Hyatt Hotels Corporation's ("Hyatt") motion to dismiss.

## I.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

A two-year old girl has permanent brain damage after drowning in a hotel pool at the Hyatt Regency Danang Resort and Spa in Danang, Vietnam ("Hyatt Danang").  D.I. 1, ¶¶ 2-3. Hyatt, a Delaware corporation, is responsible, at least in part, for this tragedy.

On October 2, 2015, Plaintiffs filed a Complaint against Hyatt seeking damages on behalf of the girl and her family.  *Id.* at ¶ 2.  As a result of Hyatt Danang's and Hyatt's negligence, the girl nearly died and is now in a persistent compromised state, likely for the rest of her life.  *Id.* at ¶ 3.   Hyatt is liable for the negligence of Hyatt Danang under the doctrines of actual and apparent agency, and also directly liable for its own negligent selection, training, and supervision of employees, and swimming pool design.  *Id.* at ¶ 3.

Hyatt responded to the Complaint with this motion to dismiss under Rule 12(b)(6)[2] and the doctrine of *forum non conveniens*.  In support, Hyatt submitted the self-serving affidavit of Hyatt assistant secretary Heidi Belz ("Belz Affidavit").  D.I. 5-2.  The affidavit is the sole basis for its 12(b)(6) motion, and the only evidence Hyatt offers in its argument for dismissal.

## II.     SUMMARY OF ARGUMENT

Hyatt brings essentially two motions to dismiss: (1) under Rule 12(b)(6); and (2) under the doctrine of *forum non conveniens*.  In its first motion, Hyatt relies solely on an affidavit of its assistant secretary to support its claim that it did not own, operate, or manage Hyatt Danang, and

---

[1] "Plaintiffs" are H.Y.C., a minor, by her Parents and Next Friends, Kyung Chul Cho and Jin Hee Cho, Kyung Chul Cho, individually, Jin Hee Cho, individually, and S.Y.C., a minor, by his Parents and Next Friends, Kyung Chul Cho and Jin Hee Cho.

[2] All references to the Rules are to the Federal Rules of Civil Procedure.

thus, owed no duty to Plaintiffs.  Simply put, instead of attacking the sufficiency of the pleadings, Hyatt injects outside evidence, trying to convert this motion into a summary judgment motion with none of the procedural protections.  At this early stage – just one month after filing the Complaint and before any discovery – Hyatt wants this Court to dismiss all Plaintiffs' claims based solely on an affidavit without giving Plaintiffs any opportunity to test its veracity or to determine whether other omitted facts change the outcome of the case.  But Hyatt's two-page affidavit is not enough to deprive the girl and her family of their day in court and the opportunity to determine whether this court can adjudicate their claims.

1.      The Court should not consider the affidavit in deciding this motion, declining to convert it into a summary judgment motion.  Instead, the Court should review the Complaint, conclude that Plaintiffs sufficiently plead their negligence claims against Hyatt, and deny Hyatt's 12(b)(6) motion.  At minimum, if the Court is inclined to convert Hyatt's motion, it should give notice of conversion, permit Plaintiffs to conduct discovery, and give Plaintiffs additional time to oppose the Rule 56 summary judgment motion.

2.      Hyatt's motion to dismiss on *forum non conveniens* grounds also fails.  Hyatt brought forth no evidence to meet its "heavy burden" of demonstrating that dismissal under this doctrine is warranted.  Hyatt made no showing that there is an adequate alternative forum, and instead merely stated it is "aware of no reason as to why a court in Vietnam or a court in Plaintiffs' home country of South Korea would not be fit to preside over the claims at issue." D.I. 5, p. 11-12.  Hyatt does not attempt to show it is amenable to process in Vietnam or Korea. Because Hyatt failed to meet its initial burden to show there is an adequate alternative forum, the Court must deny its motion before even beginning the *forum non conveniens* analysis of the private and public interest factors.  Even still, those factors do not weigh heavily for dismissal.

## III.  STATEMENT OF FACTS

In 2014, the Cho Family planned a family vacation by visiting Hyatt's website.  D.I. 1, ¶¶ 24, 25.  The website describes Hyatt Danang as "the best family resort in Danang," described numerous children's activities, several pools, represented that "[a] lifeguard service is available during opening hours," and provided other assurances that the resort was safe for families.  *Id.* at ¶¶ 26-28.  After reviewing the Hyatt website, the Chos decided to book a trip to Hyatt Danang.  *Id.* at ¶ 29.

The day after the Cho Family arrived, they visited the resort's swimming pool area.  *Id.* at ¶¶ 30, 31.  Hyatt Danang did not provide a lifeguard for the swimming pool, failed to warn the Cho Family that there was no lifeguard on duty, and failed to post signs in conspicuous and sufficient places to warn the Chos of the danger.  *Id.* at ¶¶ 32-34.

Unaware of the danger, the Cho Family began to use the resort's pool facilities.  H.Y.C., who was two years old, quietly and quickly wandered from the children's sand area into the connected large freeform pool.  *Id.* at ¶ 35.  Plaintiff Jin Hee discovered her daughter, H.Y.C., floating and motionless in the adult pool and rescued her.  *Id.* at ¶¶ 37, 39.  A hotel worker in a Hyatt uniform began cardiopulmonary resuscitation ("C.P.R.") on H.Y.C.  *Id.* at ¶ 41.  More than ten minutes later, another hotel worker used a resuscitator to aid with C.P.R., but placed the mask on upside down and incorrectly.  *Id.* at ¶ 43.

Time was of the essence.  Oxygen was not getting to H.Y.C.'s brain.  The Cho Family repeatedly asked the hotel management and staff about the status of an ambulance and requested hotel management and staff to drive H.Y.C. to the hospital in a hotel vehicle.  *Id.* at ¶ 45.  The hotel management told the Cho Family they needed to wait for an ambulance and refused to drive them.  *Id.* at ¶ 46.  An ambulance did not arrive for at least forty minutes from the time the hotel employee began to apply C.P.R. to H.Y.C.  *Id.* at ¶ 47.  The Cho Family later discovered

that the nearest hospital was only an approximate five-minute drive from the hotel. *Id.* at ¶ 48.

As a result of these incidents, H.Y.C. suffered profound damage to her brain functions as a result

of being submerged in the pool. *Id.* at ¶ 50. She will remain in a compromised state and require

constant medical attention for the rest of her life. *Id.* at ¶ 52.

Hyatt contends it is not liable in this case and filed a motion to dismiss. In support of its

motion, Hyatt filed the Belz Affidavit, which states that the Hyatt Danang is owned by Marble

Mountain Beach Resort Joint Stock Company ("Marble Mountain") and managed by Hyatt

International – Asia Pacific, Limited ("Hyatt Asia Pacific"), an "indirect subsidiary" of

Defendant.[3] Hyatt concedes it is incorporated in Delaware, and does not dispute this Court's

jurisdiction as alleged in the Complaint. D.I. 5, p. 2 n. 1. Notably, the Belz Affidavit does not

deny that Hyatt selected, trained, and supervised employees at Hyatt Danang at any time.

## IV.    ARGUMENT

### A.    HYATT FAILED TO DEMONSTRATE THAT PLAINTIFFS' CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6)

On a motion to dismiss, courts "accept all factual allegations as true, construe the

complaint in the light most favorable to the plaintiff, and determine whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The Third Circuit stated, "[t]he Supreme Court's

… formulation of the pleading standard can be summed up thus: stating a claim requires a

complaint with enough factual matter (taken as true) to suggest the required element." *Id.* at 234

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "This 'does not impose a probability

requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable

---

[3] It is unclear at this early stage in the proceedings what the precise corporate structure
and relationship is between Hyatt and Hyatt Asia Pacific.

expectation that discovery will reveal evidence of' the necessary element." *Id.*; *see also*

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

("[A] claimant does not have to 'set out in detail the facts upon which he bases his claim.' … a

complaint merely has to state a 'plausible claim for relief.'").  In sum, a Rule 12(b)(6) motion

tests the legal sufficiency of the allegations.

Instead of attempting to show the allegations are legally insufficient, Hyatt's sole basis

for its 12(b)(6) motion is that it purports Hyatt does not own, operate, or manage Hyatt Danang,

and thus, it owed no duty to Plaintiffs.  Hyatt's argument fails because (a) the Court cannot

consider the Belz Affidavit on a 12(b)(6) motion; (b) even if it were to consider it, the affidavit

does not prove Hyatt did not have the right to control Hyatt Danang; and (c) Plaintiffs

sufficiently plead its negligence claims against Hyatt based on Hyatt's own actions and

omissions, and as the principal of Hyatt Danang.

### 1.     The Court Should Not Consider Evidence Outside The Pleadings

Hyatt's argument is based, not on the pleadings, but on the Belz Affidavit.  As a general

rule, however, "a district court ruling on a motion to dismiss may not consider matters

extraneous to the pleadings."[4]  *W. Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 97 n.6 (3d

Cir. 2010).  Because the affidavit does not fall within an exception to the rule,[5] and considering it

---

[4] While the court may "convert" a Rule 12(b)(6) motion into a Rule 56 summary judgment motion, conversion is disfavored if "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant does not have reasonable notice that a conversion might occur." *Rubert-Torres v. Hosp. San Pablo, Inc.*, 205 F.3d 472, 475 (1st Cir. 2000).  Moreover, if the Court does convert the motion to one for summary judgment, the Court must give Plaintiffs a reasonable opportunity to present all the material that is pertinent to the pending motion, including by giving notice of the conversion, and permitting discovery and additional time to respond.  *See infra*, Section IV.A.3.

[5] Limited exceptions exist for a "document integral to or explicitly relied upon in the complaint" or an "undisputedly authentic document that a defendant attaches as an exhibit to a

deprives plaintiff of actual notice, this Court should not look at the affidavit's contents. *See Gilbertson v. Hilton Worldwide, Inc.*, No. 12-5124, 2013 U.S. Dist. LEXIS 47654, at *9 (D. N.J. Apr. 2, 2013) (declining to consider certification defendant offered with motion to dismiss); *Argro v. Marriott Int'l, Inc.*, No. 13-5507, 2014 U.S. Dist. LEXIS 77952 (E.D. Pa. June 6, 2014) (declining to consider affidavit stating that defendant hotel chain did not own or manage hotel where plaintiff was injured, and denying motion to dismiss). Even if the Court were to consider the affidavit, it has limited to no value because it lacks sufficient foundation.[6]

Given this early stage in the litigation, before any discovery, this Court should decline to consider the Belz Affidavit and not convert this motion to one for summary judgment. *See Solomon v. Avenue Constr., LLC*, No. 10-1115-RGA, 2012 WL 2339260, at *1 (D. Del. June 19, 2012) (R. Andrews, J.) (declining to convert motion to dismiss to a summary judgment motion when no discovery had taken place, and plaintiff had no opportunity to delve into the veracity of the documents submitted).

Absent the Belz Affidavit, all Hyatt relies on in support of its 12(b)(6) motion – which is solely based on its assertion that it did not owe Plaintiffs a duty – are a handful of cases. These cases are inapposite. For example, Hyatt's reliance on *Rucker v. Marriott Int'l, Inc.*, No. 03-

---

motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).

[6] Ms. Belz claims to have personal knowledge about Hyatt's corporate structure. Although the affidavit asserts that she is currently the Hyatt assistant secretary, we do not know the details of her specific duties and responsibilities and, importantly, how she purports to have personal knowledge for the information in her affidavit. The Belz affidavit is also silent as to whether Hyatt selected, trained, and supervised of Hyatt Danang employees at any time, not just concerning current "daily affairs" of Hyatt Asia Pacific. Also, the qualifier "at all relevant times" is inherently vague. The relationship between Hyatt and Hyatt Danang at all times is relevant to whether Hyatt was negligent in its selection, training, and supervision of Hyatt Danang employees. At minimum, Plaintiffs must have an opportunity to conduct discovery into

4729, 2004 U.S. Dist. 461 (E.D. Pa. Jan. 2, 2004) and *Clark v. Marriott Envtl. Servs.*, No. 93-cv-

3279, 1994 U.S. LEXIS 1328 (E.D. Pa. Jan. 6, 1994) is misplaced because both involved

summary judgment motions, where the court could – and did – consider papers outside the

pleadings.

In addition, Hyatt relies heavily on *Martinez v. E.I. DuPont De Nemours & Co., Inc.*, 82

A.3d 1 (Del. Super. 2012), a non-binding Delaware state court case, based solely on a direct

liability claim.  *Id.* at 4.  The plaintiff in *Martinez* only brought claims against DuPont for

DuPont's own actions, and did not seek to hold DuPont liable for any acts committed by its

indirect subsidiary.  *Id.* at 15-16.  Here, in addition to their direct liability claims, Plaintiffs also

asserted claims under the doctrine of apparent authority.  *See* Sec. IV.A.2.  Also, the *Martinez*

plaintiff did not reference any specific acts constituting direction or control of its indirect

subsidiary.  *Martinez*, 82 A.3d at 15.  Plaintiffs here did.  *See* Sec. IV.A.2.  Lastly, not only is

*Martinez* a non-binding Delaware state decision applying state procedural law, that court

dismissed the complaint only after an evidentiary hearing, considerable discovery, the court gave

notice it was converting the motion to one for summary judgment, and the parties were permitted

to supplement their briefs after the conversion.  *Id.* at 8-9, 12-13, n. 33.  None of this has

occurred here.

### 2.     Plaintiffs Have Sufficiently Plead Negligence Claims Against Hyatt

Even if the Court considers the Belz Affidavit, it would not absolve Hyatt of liability.

Plaintiffs' claims are not based on the "mere ownership of a subsidiary" as Hyatt claims.

Plaintiffs have asserted both direct liability claims against Hyatt and claims against Hyatt based

---

the relationship between Hyatt and Hyatt Danang including, deposing and seeking documents
from Ms. Belz to test the veracity of her affidavit.  *See infra*, Section IV.A.3.

agency theories of liability.[7]  Hyatt is directly liable based on Hyatt's negligent selection, training, and supervision of the Hyatt Danang employees, as well as its negligent design and/or approval of the swimming pool.  Plaintiffs also allege theories of actual and apparent agency to show Hyatt may be held liable for the torts of Hyatt Danang.

"Actual authority is that authority which a principal expressly or implicitly grants to an agent. … A franchisor may be held to have an actual agency relationship with its franchisee when the former controls, or has the right to control, the latter's business." *Billops v. Magness Const. Co.*, 391 A.2d 196, 197 (Del. Supr. 1978) (citing *Lind v. Schenley Indus., Inc.* 278 F.2d 79 (3d Cir. 1960)).  The standard for establishing actual agency is not whether the alleged principal in fact exerts control, but rather "it is the *right* to control which is determinative." *Argro*, 2014 U.S. Dist. LEXIS 77952, at *15-16 (citing *Drexel v. Union Prescription Ctrs., Inc.*, 582 F.2d 781, 782 (3d Cir. 1978)) (emphasis in original).  Ms. Belz does not attest to any right to control; she only states Hyatt "did not own, possess, operate, employ, control, franchise and/or maintain" Hyatt Danang.[8]  Thus, the affidavit alone is insufficient to support dismissal.  *See Argro*, 2014 U.S. Dist. LEXIS 77952, at *15-16 (citing *Platypus Wear, Inc. v. Clarke Modet & Co.*, No. 06-

---

[7] Count I: Hyatt's Liability For Franchisee's Negligence Under the Doctrine of Apparent Authority; Count II: Under the Doctrine of Apparent Authority, Hyatt is Liable for Franchisee's Negligence Under the Doctrine of Attractive Nuisance; Count III: Negligent Selection and Retention of Franchisee; Count IV: Negligent Training of Franchisee; Count V: Negligent Supervision of Franchisee; Count VI: Negligent Design and/or Approval of Hyatt Danang Swimming Pool; Count VII: Negligence Per Se; Count VIII: Negligent Infliction of Emotional Distress.  D.I. 1.

[8] The affiant further qualifies this statement to October 3, 2014, the date of the H.Y.C.'s drowning, or "at any time material to the allegations in the Plaintiffs' Complaint."  D.I. 5-2.  This qualification begs the question of what time period Ms. Belz contends is "material to the allegations," and whether Hyatt owned, possessed, operated, employed, controlled, franchised, and/or maintained the Hyatt Danang at any time.  These unresolved questions illustrate why Plaintiffs need to conduct discovery.

cv-20976, 2008 U.S. Dist. LEXIS 107078, at *4 (S.D. Fla. June 23, 2008)) (even if the court were to credit the "self-serving affidavit," it is "[i]nsufficient to adjudicate an agency relationship" because "she talks primarily about *actual* control, but fails to testify [defendant's] authority or *right* to control").

The affidavit also does not address Plaintiffs' claims under the apparent authority doctrine. *See Lighthouse Village Condo. Ass'n, Inc. v. Cummins Elec., LLC*, No. S08C-04-008, 2010 WL 5307259, at *2 (Del. Super. Dec. 8, 2010) (elements of the doctrine of apparent agency or authority). "The concept of apparent agency or authority focuses not upon the actual relation of a principal or agent, but the apparent relationship." *Billops*, 391 A.2d at 198. An apparent relationship arises when "the alleged principal . . . create[s] a reasonable belief in a third party that the alleged agent is authorized to bind the principal." *Id.* When that occurs, "the same legal consequences" bind the apparent principal "as those which result from an actual agency." *Id*. The circumstances creating liability under the apparent agency doctrine "may be made directly to the third party, or may be made to the community in general, for example, by way of advertising." *Id.* (citing *Gizzi v. Texaco, Inc.*, 437 F.2d 308 (3d Cir. 1971) and Restatement 2d Agency §§ 8, 8B, 27 (1957)). To establish a chain of liability to the principal based on apparent agency, a litigant must show reliance on indicia of authority originated by the principal and reliance must be reasonable. *Billops*, 391 A.2d at 198.

In *Billops*, plaintiffs sought to hold Hilton franchisors liable for the torts of a Hilton franchisee hotel and its employees. *Id.* at 197. The Delaware Supreme Court held there was ample evidence suggesting apparent authority between Hilton and the hotel: (i) Hilton logo/sign are required to be displayed, (ii) the franchise agreement forbids mention of any name other than Hilton to the hotel customers as management, (iii) the hotel is required to identify with the Hilton

"system" (color schemes and design), and (iv) Hilton admitted there is no reasonable basis from which an ordinary person would know he was dealing with anyone other than the Hilton Corporation. *Id.* at 198-99. Also, plaintiffs' deposition testimony provided evidence that they relied on the Hilton name and the quality it represents. *Id.* at 199.

Here, Plaintiffs sufficiently plead facts establishing apparent authority.[9] Unlike in *Gianfredi v. Hilton Hotels Corp., Inc.*, No. 08-5413, 2010 U.S. Dist. LEXIS 33227 (D. N.J. Apr. 5, 2010), Plaintiffs not only plead that Hyatt has an ownership interest in the brand, Plaintiffs alleged specific Hyatt representations and their reliance on them to show Hyatt owed them a duty based on apparent authority. *See id.* at *24-25; *see also Argro*, at *18 n. 8 ("If … the Marriott Defendants acted in a manner that would lead a reasonable person to conclude that the operator of the hotel was [their] agent … and [plaintiff] acted in reliance of that representation, [defendants] potentially could be held liable, even absent proof of actual agency.") (brackets omitted).

In sum, taking the pleaded facts as true, Plaintiffs alleged Hyatt owed a duty either directly and/or under the doctrines of actual or apparent authority. Thus, Hyatt's motion must be denied. *See Gilbertson*, 2013 U.S. Dist. LEXIS 47654, at *12-13 ("At this stage in the proceedings, Defendant's argument that the Hotel is managed by an indirect subsidiary of Defendant is, without more, insufficient to show that Plaintiff cannot state a claim against Defendant").

---

[9] *See, e.g.*, D.I. 1, ¶¶ 12, 16 (Hyatt's advertising/promotion of Hyatt Danang resort on its and other websites), ¶ 12 ("© 2015 Hyatt Corporation" on Hyatt Danang's website), ¶¶ 15-16 (Hyatt's management of reservations for Hyatt Danang), ¶¶ 18, 22-23 (Hyatt's branding/marks), ¶¶ 24-29 (Plaintiffs' reliance on Hyatt Danang website, prominently displaying Hyatt mark, on Hyatt's website promoting Hyatt Danang and its family-friendly features, and on the Hyatt brand in Plaintiffs' decision to book the stay).

### 3. If The Court Is Inclined To Convert The Motion To A Summary Judgment Motion, Plaintiffs Should Be Afforded Discovery And More Time To Respond

When a motion to dismiss is converted into a summary judgment motion, the court must give all parties a reasonable opportunity to present all the material pertinent to the pending motion. *See* Rule 12(d); *Malone v. Air & Liquid Sys. Corp.*, No. 14-406, 2015 U.S. Dist. LEXIS 48697, at *19 (D. Del. Apr. 24, 2015) (recommending the court convert the motion based on "wrong defendant" argument to a summary judgment motion and give plaintiffs additional time to take discovery first). The parties can take advantage of this opportunity only if they have "notice of the conversion," and converting without notice is error. *In re Rockefeller*, 184 F.3d at 287-88 (parties must receive a "reasonable opportunity" to present all material relevant to summary judgment). Thus, Plaintiffs are entitled to notice and an opportunity to conduct discovery to oppose the motion. *See*, *e.g.*, *Gianfredi*, 2010 U.S. Dist. LEXIS 33227, at *1-2 (first motion to dismiss denied to allow for jurisdictional discovery).

Plaintiffs will conduct discovery into, among other things, the relationship between Hyatt, Hyatt Asia Pacific, and Marble Mountain, whether Hyatt authorized or required either to use the Hyatt name and logo, and all Hyatt's involvement with Hyatt Danang. It is premature to grant a motion to dismiss because discovery is needed to determine the precise nature of Hyatt's "indirect subsidiary" relationship to Hyatt Danang, and the extent of Hyatt's involvement in Hyatt Danang.

### 4. If The Court Is Inclined To Grant Hyatt's 12(b)(6) Motion, Plaintiffs Request Leave To Amend

If the Court grants Hyatt's 12(b)(6) motion, Plaintiffs request leave to amend the Complaint. Rule 15(a)(2); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (emphasizing "policy favoring liberal amendment of pleadings.")

**B. HYATT FAILED TO MEET ITS BURDEN OF DEMONSTRATING THAT DISMISSAL UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* IS WARRANTED IN THIS CASE**

Hyatt's second argument also fails. Hyatt argues that *even if* it is a correct party, the Complaint should be dismissed under the *forum non conveniens* doctrine. Under that doctrine, a court may dismiss a case "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43-44 (3d Cir. 1988) ("Lacy I") (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) ("Piper")) (brackets omitted). "It is settled that the defendant bears the burden of persuasion as to all elements in the forum non conveniens analysis." *Lacey I*, 862 F.2d at 43-44; *see also Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991) ("Lacey II").

"A district court entertaining a forum non conveniens motion must *first* decide whether an adequate alternative forum exists to hear the case." *Lacey I*, 862 F.2d at 43 (emphasis added). "Ordinarily, this requirement will be satisfied, when the defendant is 'amenable to process' in the other jurisdiction." *Piper*, 454 U.S. at 254. "However, if the alternative forum offers a clearly unsatisfactory remedy, it will nonetheless be inadequate." *Lacy II*, 932 F.2d at 180.

If the defendant satisfies its initial burden, the defendant must then show that the private and public interest factors "weigh heavily" in favor of dismissal. *Id.* "The defendant bears a heavy burden to satisfy both components of the analysis and must establish a strong preponderance in favor of dismissal." *Burke v. Quartey*, 969 F. Supp. 921, 929 (D. N.J. 1997). The defendant is required "to provide enough information to enable the district court to balance the parties' interest." *Lacey I*, 862 F.2d at 39 (reversing dismissal when defendants failed to submit adequate information for *forum non convenience* analysis, and finding the district court did not hold defendants to their burden). Hyatt failed to submit adequate information to facilitate

the *forum non conveniens* analysis, failed to meet its heavy burden, and its motion must be denied.

### 1.    Hyatt Failed To Show That Korea Or Vietnam Are Adequate Fora

Hyatt failed to meet its initial burden to establish that an adequate alternative forum exists to hear this case.  "To qualify as an adequate alternative, the alternative jurisdiction must offer reasonable remedies and the defendant must be amendable to process within it." *Tradimpex Egypt Co. v. Biomune Co.*, 777 F. Supp. 2d 802, 807 (D. Del. 2011) ("Tradimpex").  Hyatt presented no evidence that Korea or Vietnam courts would provide an adequate forum.  For example, Hyatt presented no evidence that either court recognizes a negligence cause of action, or that Plaintiffs could otherwise pursue its claims there.  Importantly, there is no evidence that Hyatt, a Delaware corporation, would be amenable to process in either country.  Instead, Hyatt cites a variety of cases, but those cases actually highlight the motion's deficiencies—the utter lack of evidence.[10]  Because Hyatt failed to meet its initial burden, no further analysis is required, and its request to dismiss under *forum non conveniens* doctrine must be denied.  *See Tradimpex*, 777 F. Supp. 2d at 807 (rejecting argument that Egypt was an adequate forum, and denying motion without having to address other factors).

---

[10] *See, e.g., Rudisill v. Sheraton Copenhagen Corp.*, 817 F. Supp. 443, 446 (D. Del. 1993) (Denmark was an adequate forum based on Danish attorney's affidavit stating Danish law recognizes negligence cause of action, plaintiffs not barred from bringing suit there, and statute of limitations would not bar action); *Lynch v. Hilton Worldwide, Inc.*, No. 11-1362, 2011 U.S. Dist. LEXIS 126003, at *5-7 (D. N.J. Oct. 31, 2011) (United Kingdom was an adequate forum based on Hilton executive's declaration stating Hilton is amenable to legal process, waiving any jurisdictional obstructions and statute of limitations defense); *Rodriguez v. Samsung Elecs. Co., Ltd.*, 734 F. Supp. 2d 220, 225 (D. Mass. 2010) (Korea was an adequate forum based on affidavits showing that (i) all parties could come under Korean jurisdiction, (ii) similar remedies were available, and (iii) defendant waived its statute of limitations defense); *Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd.*, 770 F. Supp. 832 (S.D.N.Y. 1991) (Korea was an adequate alternative forum based defendants' agreement to consent to jurisdiction, and evidence that the case was already being litigated in Korea).

### 2.    Plaintiffs' Choice Of Forum Is Entitled To Weight

While foreign plaintiffs are afforded less deference, this is "not an invitation to accord a foreign plaintiff's selection of an American forum *no* deference since dismissal for forum non conveniens is the exception rather than the rule." *Lacey I*, 862 F.2d at 45-46 (emphasis in original). In *Lacey I*, this Circuit found the "district court erred because it did not accord the foreign plaintiff's choice of forum some weight." *Id.* at 46, 49. On remand, heeding the Third Circuit, the district court stated it "will not lightly disturb [the Australian] plaintiff's choice of forum" and that defendants must establish "a strong preponderance in favor of dismissal." *Lacey II*, 932 F.2d at 179 (approving the standard). This Court must also afford Plaintiffs, notwithstanding their Korean residency, deference with respect to their choice of forum, and put Hyatt to its burden of establishing a "strong preponderance" in favor of dismissal.

### 3.    The Private Interest Factors Do Not Weigh Heavily In Favor Of Dismissal

Even if Hyatt met its initial burden, it failed to carry its burden to show that the private interest factors weigh heavily in favor dismissal. The private interest factors are: (a) relative ease of access to sources of proof; (b) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (c) possibility of view of premises, if appropriate; (d) and all other practical problems that make trial easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

### a)    The Relative Ease of Proof

While some documents and witnesses are in Vietnam and Korea, many documents and witnesses are likely in the United States. For example, evidence related to Hyatt's advertising, marketing, and branding are likely in the United States. The same is true for evidence related to its selection and retention of Hyatt Danang as a Hyatt-branded hotel, evidence related to Hyatt's

training and supervision of Hyatt Danang employees, and its design and/or approval of the Hyatt Danang pool.

To the extent documents and witnesses are located at Hyatt's headquarters in Illinois, the inconvenience to Hyatt having to litigate in Delaware is minimal, given its global presence. Requiring a global company like Hyatt to litigate in Delaware does not pose an unusual burden on its operations. Also, technology (internet, e-mail, video-conferencing) merits giving little weight to the fact that evidence and witnesses may be located outside Delaware. *See*, *e.g.*, *Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 372 (D. Del. 2009) (books); *Wholesale Merch. Processing, Inc. v. Orion Commc'ns, Inc.*, No. 03-12-CV-02003, 2013 WL 1361863, at *3 (D. Or. Mar. 4, 2013) (witnesses).

Hyatt also does not address what powers either foreign court has to compel witnesses located in the United States, such as Hyatt employees who played a role in the branding and advertising of Hyatt Danang, to testify and produce documents. Because there are witnesses who would be inconvenienced if the case were to move forward in either Delaware or Vietnam or Korea, and documents located in multiple countries, including the United States, this factor is neutral.

### b) The Compulsory Process and Cost of Obtaining Witnesses

Without citation to law, Hyatt argues it has no way to compel the cooperation of foreign witnesses or the production of foreign documents because this Court lacks subpoena power in Vietnam. This conclusory statement is insufficient to satisfy Hyatt's burden. *See Lynch*, 2011 U.S. Dist. LEXIS 126003, at *13-14 (defendant did not carry its burden when it only stated the Court does not have power to compel witnesses in the United Kingdom without citing any law or a list of witnesses).

### c)     Possibility of View of Premises

The incident occurred in the Hyatt Danang swimming pool located in Vietnam. However, the accident site may be shown to the factfinder through pictures and video.  Thus, this factor does not weigh decidedly in favor of dismissal.  *See Lewis v. Lycoming*, 917 F. Supp. 2d 366, 373 (E.D. Pa. 2013) (factor weighed against dismissal where accident site could be shown to factfinder through pictures and video); *Ison v. E.I. Dupont de Nemours & Co., Inc.*, 729 A.2d 832, 837 (Del. 1999) (any need to view the premises "would be easily satisfied with a video").

### d)     Other Practical Issues

Hyatt did not identify any other "practical problems that make trial of a case easy, expeditious and inexpensive."  Thus, this factor bears no weight in the analysis.  *See Lynch*, 2011 U.S. Dist. LEXIS 126003, at *14 ("[A]s Defendant bears the burden of proof and the Defendant has not made a showing with regard to this factor, the Court will not give any weight to this factor.").

### 4.     The Public Interest Factors Do Not Weigh Heavily In Favor Of Dismissal

While the Court need not analyze further given Hyatt's failure to meet its initial burden to demonstrate an adequate alternative forum, the public interest factors do not weigh in favor of dismissal either.  The public interest factors are: (a) administrative difficulties flowing from court congestion; (b) local interest in having localized controversies decided at home; (c) avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (d) unfairness of burdening citizens in an unrelated forum with jury duty.  *Piper*, 454 U.S. at 235, n.6.

### a)     Administrative Difficulties Flowing From Court Congestion

Hyatt did not raise any arguments concerning court congestion.  Therefore, this factor bears no weight in the analysis.  *See Lynch*, 2011 U.S. Dist. LEXIS 126003, at *15-16 ("This

factor concerning the relative court congestion…was not raised by the Defendant. … Therefore, the Court will not give any weight to this factor.").

### b)  Local Interest

Delaware has a local interest in this case.  One of its citizens—Hyatt, a Delaware corporation—is alleged to have committed negligence resulting in catastrophic injuries to a young girl.  *See Tradimpex*, 777 F. Supp. 2d at 810 (recognizing Delaware's interest in contract case against its corporate citizen).  Hyatt incorporated itself in Delaware and availed itself of the protections of Delaware laws.  Hyatt cannot now claim it is inconvenienced by having a suit brought against it in its place of incorporation, attempting to escape the very jurisdiction it chose to make its home.  Thus, this factor does not weigh in favor of dismissal.

### c)  Conflict of Laws or Application of Foreign Law

Hyatt failed to meet its burden of demonstrating there is a conflict of laws, or any problems with applying foreign law.  *See Lynch*, 2011 U.S. Dist. LEXIS 126003, at *17 ("Defendant has the burden of bringing forth the applicable law in the United Kingdom and establishing that this law will govern the instant action instead of New Jersey law.").  Hyatt did not come forward with any reference or citation to any foreign law, and whether there are differences between Delaware and Vietnamese or Korean law on negligence or agency.  Instead, Hyatt concludes "the uncertainly of the law will apply as a factor" and reasons the Court can avoid engaging in any choice of law analysis by simply dismissing the Complaint.  D.I. 5, pp. 17-18.

However, the Third Circuit held that satisfying this factor requires much more than conclusory statements.  *See Lacey I*, 862 F.2d at 48 (finding the district court did not properly consider the issue of what law must govern and the impact of choice-of-law problems).  Because Hyatt failed to give the Court the information it needs for this analysis, the Court should not give

any weight to this factor.  *See Colantonio v. Hilton Int'l Co.*, No. 03-1833, 2004 U.S. Dist. LEXIS 15991, at *33-34 (E.D. Pa. Aug. 16, 2004) (finding it cannot give any weight to this factor when defendant did not present any reference or evidence regarding Italian law except for the statute of limitations).

Even if foreign law were to apply here, it is "well established that the application of foreign law is not dispositive, and that because the task of deciding foreign law is a chore federal courts must often perform[,] the application of foreign law should not be ascribed undue importance."  *Rodriguez*, 734 F. Supp. 2d at 227-28 (ellipses omitted).  Indeed, the application of foreign law should be given "little weight" in the *forum non conveniens* analysis.  *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 721 (1st Cir. 1996), *cert. denied*, 520 U.S. 1155 (1997).

### d)  Burden on Local Jurors

Delaware has a local interest in this case because one of its own corporate citizens is alleged to have committed negligence resulting in catastrophic injuries to a young girl. Accordingly, the Delaware citizens too have an interest in this case, and "the burden on a Delaware jury is no greater than the burden would be on jurors elsewhere."  *Tradimpex*, 777 F. Supp. 2d at 810.

### 5.  On Balance, Dismissal On *Forum Non Conveniens* Grounds Is Not Warranted

On balance, the factors do not weigh heavily in favor of dismissal.  "If, when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied."  *Lacey II,* 932 F.2d at 180. Hyatt failed to demonstrate that litigating this case in this Court would "establish oppressiveness and vexation to a defendant" nor did it show that this Court is somehow incapable of presiding over this case.  Thus, the motion on *forum non conveniens* grounds must be denied.

In support of an opposition conclusion, Hyatt relies heavily on the Delaware state court case *Martinez*, which, under those specific facts and evidence, dismissed the complaint. If the Court is inclined to look to Delaware state law for guidance, rather than *Martinez*, the case of *Lee v. Choice Hotels Int'l*, No. 02C-10-280 (CHT), 2006 WL 1148755 (Del. Super. 2006) ("Choice Hotels") is informative, and closely mirrors the facts in this case. In *Choice Hotels*, South Korean residents filed a complaint in Delaware state court, both in their individual capacities as the child's parents and on the child's behalf, after the child suffered brain damage as a result of a swimming pool incident at a hotel in Indonesia. Choice Hotels was incorporated in Delaware.

The Lees were on vacation at a Choice Hotels resort in Indonesia, which advertised itself as "family friendly" and had a children's pool. Tragically, one of the boys drowned in the pool, suffered brain damage, and is in a permanent compromised state. No lifeguard was on duty. The Lees filed suit alleging several negligence causes of action including that Choice Hotels was vicariously negligent under the doctrine of attractive nuisance, that Choice Hotels was negligent in the selection, retention, supervision and training of the hotel owner, and that the pool area was negligently designed and approved.

Choice Hotels filed a motion to dismiss on *forum non conveniens* grounds.[11] The court analyzed the facts under the various factors.[12] The court expressly rejected defendant's

---

[11] The *Choice Hotels* court first continued the motion so the parties could conduct additional discovery. *Id.* at *2.

[12] The factors are: (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of a view of the premises; (4) whether the controversy is dependent upon the application of Delaware law which Delaware courts more properly should decide than those of another jurisdiction; (5) the pendency or non-pendency of a similar action or actions in another jurisdiction; and (6) all other practical

arguments that litigating in Delaware would present overwhelming hardship because the evidence and witnesses were in Korea and Indonesia.  The court concluded defendant failed to meet its burden, and that no one forum was more advantageous than another.  This case warrants the same conclusion.

## V.      CONCLUSION

Hyatt failed to meet its burden to warrant dismissal under both Rule 12(b)(6) and the doctrine of *forum non conveniens*.  Accordingly, Plaintiffs request the Court deny Hyatt's motion.  Alternatively, Plaintiffs request leave to conduct discovery on the issues presented in Hyatt's motion and an opportunity to supplement this response.


Dated: November 23, 2015

Of Counsel:
Seong H. Kim (pro hac vice pending)
Justin Park (pro hac vice pending)
James Wald (pro hac vice pending)
**STEPTOE & JOHNSON LLP**
2121 Avenue of the Stars Suite 2800
Los Angeles, California 90067
Telephone:      (310) 734-3200
Facsimile:      (310) 734-3300
skim@steptoe.com
ijpark@steptoe.com
jwald@steptoe.com

*Counsel for Plaintiffs*

/s/ C. Scott Reese
C. Scott Reese (No. 2036)
**COOCH AND TAYLOR, P.A.**
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 984-3800
Fax: (302) 984-3939
sreese@coochtaylor.com

*Counsel for Plaintiffs*

---

problems that would make the trial of the case easy, expeditious and inexpensive.  *General Foods Corp. v. Cryo-Maid*, 198 A.2d 681, 684 (Del. 1964).