**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| H.Y.C., a minor, by her Parents and Next Friends, KYUNG CHUL CHO and JIN HEE CHO, individually, SEONG YUN individually, and S.Y.C., a minor, by his Parents and Next Friends, KYUNG CHUL CHO and JIN HEE CHO, | : : : : : : : | Case No. 1:15-cv-00887 RGA |
| Plaintiffs, | : : | |
| v. | : : | JURY TRIAL DEMANDED |
| HYATT HOTELS CORPORATION, a Delaware Corporation | : : : | |
| Defendant. | : : | |

**REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION OF
DEFENDANT HYATT HOTELS CORPORATION
TO DISMISS PLAINTIFFS' COMPLAINT**

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
Kevin J Connors, Esq.
DE Bar ID 2135
Nemours Building
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19899
302-552-4302
Email: kjconnors@mdwcg.com

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
Thomas P. Wagner, Esq. (admitted *pro hac vice*)
Robert W. Stanko, Esq. (admitted *pro hac vice*)
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2600
Email: tpwagner@mdwcg.com
          rwstanko@mdwcg.com

Date: December 3, 2015

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   ARGUMENT .....................................................................................................................1

    A.   PLAINTIFFS' EMOTIONAL APPEAL IS NOT ENOUGH TO AVOID
        DISMISSAL WHERE PLAINTIFFS SUED THE WRONG PARTY . ................ 1

    B.   PLAINTIFFS' PURE SPECULATION IS NOT ENOUGH TO AVOID
        DISMISSAL ON *FORUM NON CONVENIENS* GROUNDS, PARTICULARLY
        WHERE ALTERNATIVE FORA EXIST AND THE PUBLIC AND PRIVATE
        FACTORS WEIGH HEAVILY IN FAVOR OF DISMISSAL ............................ 3

II.   RELIEF SOUGHT ..............................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)................................................................................................ 1

*Clark v. Marriott Envtl. Servs.,*
   1994 U.S. Dist. LEXIS 1328 (E.D. Pa. 1994) ........................................................ 2

*Dahl v. United Technologies Corp.,*
   632 F.2d 1027 (3d Cir. 1980)................................................................................ 4, 6

*Gianfredi v. Hilton Hotels Corp., Inc.,*
   2010 U.S. Dist. LEXIS 33227 (D. N.J. 2010) ...................................................... 1, 2

*Gulf Oil Corp. v. Gilbert,*
   330 U.S. 501 (1947)................................................................................................. 6

*Ison v. E.I. DuPont de Nemours & Co, Inc.,*
   729 A.2d 832 (Del. 1999) ....................................................................................... 5

*Kisano Trade & Invest. Ltd. v. Lemester,*
   737 F. 3d 859 (3d Cir. 2013).................................................................................. 3

*Lacey v. Cessna Aircraift Co. (Lacey II),*
   932 F.2d 170, n. 14 (3d Cir. 1991)......................................................................... 3

*Lewis v. Lycoming,*
   917 F. Supp. 2d 366 (E.D. Pa. 2013) ..................................................................... 5

*Lynch v. Hilton Worldwide, Inc.,*
   2011 U.S. Dist. LEXIS 126003 (D. N.J. 2011) ...................................................... 3

*Piper Aircraft Co. v. Reyno,*
   454 U.S. 235 (1981)................................................................................................. 4

*Rucker v. Marriott International, Inc.,*
   2004 U.S. Dist. LEXIS 461 (E.D. Pa. 2004) .......................................................... 2

*Rudisill v. Sheraton Copenhagen Corp.,*
   817 F. Supp. 443, n.7 (D.Del. 1993)..................................................................... 4, 5

I.    **ARGUMENT**

   **A. PLAINTIFFS' EMOTIONAL APPEAL IS NOT ENOUGH TO AVOID
      DISMISSAL WHERE PLAINTIFFS SUED THE WRONG PARTY.**

Putting aside their purely emotional argument, Plaintiffs fail to offer any justification as to why they should be permitted to continue to litigate the instant matter against the wrong party in a venue with no connection to the incident at issue other than the wrongly named defendant's state of incorporation.  Plaintiffs' generalized conclusions and unsupported allegations regarding Hyatt's purported direction and control over the subject hotel are insufficient to sustain a cause of action.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (explaining that conclusions allegations without factual support cannot be considered in the context of a motion to dismiss).

Plaintiffs attack the Belz Affidavit claiming that it "does not deny that Hyatt selected, trained, and supervised employees at Hyatt Danang at any time."  Plaintiffs' Response, at p. 4. These actions are inherent functions of ownership and/or control and the Belz Affidavit clearly states that Hyatt Hotels Corporation "did not own, possess, operate, employ, control, franchise and/or maintain the Hotel…" Belz Affidavit, at ¶ 5.  The Belz Affidavit further states that the Hotel was owned by Marble Mountain Beach Resort Stock Company, and managed by a separate entity, Hyatt International – Asia Pacific, Limited.

Nevertheless, Plaintiffs claim that the "two-page affidavit is not enough to deprive [them] of their day in court…" Pl. Response, at p. 2.  While the focus should be on the content and not the page length of the Belz Affidavit, Plaintiffs' characterization of Hyatt's position as an effort to "deprive [them] of their day in court…" is strained and misleading.  *Id*.  Plaintiffs sued the wrong party and thus cannot establish a fundamental element of their negligence claims.  *See Gianfredi v. Hilton Hotels Corp., Inc.,* 2010 U.S. Dist. LEXIS 33227 (D. N.J. 2010) *aff'd* 2010 U.S. Dist. LEXIS 40056 (D.N.J. 2010) (adopting the report and recommendation of the

magistrate judge to dismiss the plaintiff's claims for injury suffered at a hotel that the defendant did not directly own or operate and therefore at which the defendant owed no duty to the plaintiff); *Rucker v. Marriott International, Inc.*, 2004 U.S. Dist. LEXIS 461 (E.D. Pa. 2004) (dismissing the plaintiff's cause of action where the plaintiff failed to establish that the defendant owed her a duty); *Clark v. Marriott Envtl. Servs.*, 1994 U.S. Dist. LEXIS 1328 (E.D. Pa. 1994) (same).

Plaintiffs make no attempt to distinguish *Gianfredi* in this context.  In *Gianfredi*, the plaintiffs sued Hilton Hotels for injuries resulting from a fall in a shower at a Hilton property in Puerto Rico.  *See id.,* 2010 U.S. Dist. LEXIS 33227, at *32-33.  Similar to the instant case, the plaintiffs sued under a theory of apparent authority and Hilton sought to dismiss the Complaint based on the plaintiffs' failure to establish a duty on the part of Hilton.  In support of their opposition to Hilton's motion to dismiss, the plaintiffs emphasized the fact that Hilton's name and logo appeared throughout the hotel and that Hilton's website included references to the property in Puerto Rico.  Nevertheless, the Court in *Gianfredi* dismissed the Complaint, in part, because the plaintiffs "proffered no factual allegations that [Hilton] was the specific entity that authorized or required [the hotel at issue] to use the Hilton name and logo." *Id.*, at *31.

In addition to ignoring *Gianfredi*, Plaintiffs claim that *Rucker* and *Clark* are inapposite because they were each decided in the context of summary judgment.  This is not reason enough to disregard these cases.  They are both instructive with regard to the failure of the plaintiffs' to establish a duty on the part of the defendants by suing the wrong party, and the general presumption against piercing the corporate veil.  *See Clark*, *supra; Rucker, supra.* Moreover, as Plaintiffs acknowledge, the Court has discretion to convert the instant motion to dismiss into a

motion for summary judgment.  If the Court deems conversion appropriate here, *Rucker* and *Clark* would be guiding authority.

Because Plaintiffs have failed to state a claim that is plausible on its face, Plaintiffs' Complaint must be dismissed.

### B.   PLAINTIFFS' PURE SPECULATION IS NOT ENOUGH TO AVOID DISMISSAL ON *FORUM NON CONVENIENS* GROUNDS, PARTICULARLY WHERE ALTERNATIVE FORA EXIST AND THE PUBLIC AND PRIVATE FACTORS WEIGH HEAVILY IN FAVOR OF DISMISSAL.

Plaintiffs' arguments concerning Hyatt's request for dismissal on *forum non conveniens* grounds are equally unpersuasive.  For instance, Plaintiffs contend that Hyatt failed to provide evidence that an alternative forum exists and instead only cite a variety of cases.  The cases cited by Hyatt are in fact evidence that Korea constitutes an alternative forum.

In addition, relying on *Lynch v. Hilton Worldwide, Inc.*, 2011 U.S. Dist. LEXIS 126003 (D. N.J. 2011), Plaintiffs contend that Hyatt failed to meet its burden concerning any potential conflict-of-laws analysis.  Plaintiffs' reliance on *Lynch* is odd since the Court there found that the defendant hotel had established its burden under *forum non conveniens* despite the fact that it had not addressed the applicable law in the foreign forum. *Id.* Moreover, the Court of Appeals for the Third Circuit has held that, "in resolving a *forum non conveniens* motion, the district court is not required to predict what law the foreign court would apply." *Lacey v. Cessna Aircraft Co. (Lacey II)*, 932 F.2d 170, 187, n. 14 (3d Cir. 1991); *see also Kisano Trade & Invest. Ltd. v. Lemester*, 737 F. 3d 859, 879 (3d Cir. 2013) (affirming dismissal based on *forum non conveniens* where the district court did not analyze the choice-of-law issue).

Nevertheless, since this Court is sitting in diversity, it must apply the choice of law rules of Delaware, which "place considerable emphasis on 'the place where the injury occurred' and 'the place where the conduct causing the injury occurred.'" *Rudisill v. Sheraton Copenhagen*

3

*Corp.*, 817 F. Supp. 443, 448 n.7 (D.Del. 1993) (noting that Delaware applies the "substantial relationship test" and holding that Danish law would govern the dispute because the injury and the allegedly tortious conduct occurred in Denmark); *Dahl v. United Technologies Corp.*, 632 F.2d 1027, 1032 (3d Cir. 1980) (affirming the District Court of Delaware's finding that Norwegian law would apply because that is where the injury occurred).

Here, not only did the incident at issue and the alleged tortious conduct occur in Vietnam, Plaintiffs' Complaint includes a claim for negligence *per se* under Vietnamese law.  *See* Plaintiffs' Complaint, at Count VII.  Indeed, Plaintiffs contend that Hyatt violated "a law, ordinance and statute in effect under Vietnamese law that required a lifeguard on duty while swimming pools were being used by hotel patrons." *Id.* As such, pursuant to Delaware's choice-of-law rules, there exists a strong likelihood that Vietnamese law will apply and a court in Vietnam would be far better equipped to interpret its own laws as repeatedly recognized by the United States Supreme Court. *See, e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 251 (1981).

Plaintiffs' argument concerning the relative ease of access to sources of proof is dubious, at best.  In a self-serving way, Plaintiffs minimize the fact that the *overwhelming* majority of the documentary evidence and material witnesses are located in Vietnam and Korea.  Plaintiffs attempt to neutralize that fact by suggesting that other relevant evidence and key witnesses are located in the United States.  Citing to no specific document or individual, Plaintiffs speculate that "evidence related to Hyatt's advertising, marketing, and branding are (sic) likely in the United States."  To suggest that the *possibility* of relevant evidence existing in the United States is sufficient to offset the amount of hard evidence and key witnesses located in Vietnam is nonsensical.  Plaintiffs' argument is unpersuasive, and Hyatt submits that this factor should weigh heavily in favor of dismissal as it has in other cases within this jurisdiction with similar

facts.  *Rudisill, supra. Lacey II*, 932 F.2d at 180-82 (noting that the balance of these factors should be considered qualitatively and not quantitatively).

Plaintiffs contend that a view of the premises can be accomplished by pictures and video. The cases Plaintiffs cite in support of their position, however, did not involve claims that would necessitate a view of the premises. *See Lewis v. Lycoming*, 917 F. Supp. 2d 366, 373 (E.D. Pa. 2013); *Ison v. E.I. DuPont de Nemours & Co, Inc.*, 729 A.2d 832, 837 (Del. 1999).  For instance, the *Lewis* case arose from a helicopter crash in England.  The plaintiffs filed suit against several defendants involved in the design, manufacture, and sale of the subject helicopter under theories of product liability, negligence, breach of warranty, and concert of action.  In considering the defendants' motion for *forum non conveniens*, the Court reasoned that a view of the premises was unnecessary, in part, because "no party contends that a view of the scene will tell the factfinder anything about the cause of the accident, any defect in the aircraft or its parts, or about the amount of damages which may be owed to the plaintiffs." *Lewis*, 917 F. Supp. 2d at 373.

The *Ison* case likewise did not involve any allegations concerning the premises where the subject harm allegedly occurred.  In *Ison,* the Court was considering claims arising from alleged exposure to asbestos and found that a video of the premises was sufficient under the circumstances.  *See Ison*, 729 A.2d 832, 843.  Unlike in *Lewis* and *Ison*, a substantial portion of Plaintiffs' claims concern the premises where the subject harm allegedly occurred.  Plaintiffs criticize the pool's design and claim, among other things, that it constitutes an attractive nuisance because it was alluring to children.  *See* Plaintiffs' Complaint, at ¶68.  As such, the instant case presents precisely the sort of circumstances where a view of the premises will be necessary to appropriately evaluate the claims at issue.  Despite Plaintiffs' claims to the contrary, this factor weighs heavily in favor of dismissal.

Plaintiffs summarily reject Hyatt's contention that the burden on local jurors weighs in favor of dismissal, claiming only that "Delaware has a local interest in this case because one of its own corporate citizens is alleged to have committed negligence resulting in catastrophic injuries to a young girl." Plaintiffs' Response, at 18.  Plaintiffs' one-sentence argument ignores the undisputed fact that the alleged harm was incurred by South Korean residents vacationing at a hotel in Danang, Vietnam.  Any tangential local interest is far outweighed under such circumstances, and this factor again weighs strongly in favor of dismissal. *See Dahl*, 632 F.2d at 1032 (affirming dismissal on *forum non conveniens* grounds where the only connection to Delaware was the defendant's state of incorporation; "[w]e therefore conclude that the commitment of Delaware judicial time and resources to this case is not justified by any nexus Delaware has with what is essentially a Norwegian case.").  *See also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) ("Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.  Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.").

Finally, in an apparent attempt to bolster their otherwise generic and unpersuasive arguments, Plaintiffs contend that Hyatt has failed to "show that this Court is somehow incapable of presiding over this case."  Plaintiffs' Response, at 18.  Hyatt makes no attempt to establish such a showing, nor is it required to do so in order to satisfy its burden for dismissal under *forum non conveniens*.  Hyatt submits only that when taken together, the relevant public and private factors weigh in favor of dismissal in favor of a more appropriate forum.  *See Lacey II*, 932 F.2d at 180-82 (noting that the balance of these factors should be considered qualitatively and not quantitatively).

## II.      RELIEF SOUGHT

For these reasons and those explained more fully in Hyatt's Motion to Dismiss, Plaintiffs' Complaint fails to plead a viable claim against Hyatt for the alleged wrongful conduct of its indirect foreign subsidiary.

Alternatively, given that an alternative and more convenient forum is available to Plaintiffs, and because both public and private interest factors weigh heavily in favor of dismissal, Hyatt respectfully requests that this Court dismiss this action on the basis of *forum non conveniens.*

MARSHALL DENNEHEY WARNER
 COLEMAN & GOGGIN

 */s/ Kevin J. Connors*
Kevin J. Connors, Esq. (DE Bar ID 2135)
Nemours Building
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19899
302-552-4302
Email: kjconnors@mdwcg.com

MARSHALL DENNEHEY WARNER
 COLEMAN & GOGGIN
Thomas P. Wagner, Esq. (Pro Hac Vice)
Robert W. Stanko, Esq. (Pro Hac Vice)
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2600
Email: tpwagner@mdwcg.com
        rwstanko@mdwcg.com

Attorneys for Defendant,
Hyatt Hotels Corporation

Date: December 3, 2015

LEGAL/102850914.v1