IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H.Y.C., a minor, by her Parents and<br>Next Friends, KYUNG CHUL CHO<br>and JIN HEE CHO, individually,<br>SEONG YUN, individually, and<br>S.Y.C., a minor, by his Parents and<br>Next Friends, KYUNG CHUL CHO<br>and JIN HEE CHO,<br><br>Plaintiff,<br><br>v.<br><br>HYATT HOTELS CORPORATION,<br>a Delaware Corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 15-887-RGA |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Hyatt Hotels Corporation's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) and the doctrine of *forum non conveniens*. (D.I. 4).

**Background.** On October 2, 2015, plaintiffs Kyung Chul Cho, Jin Hee Cho, Seong Yun, and minors H.Y.C. and S.Y.C. filed a complaint against Hyatt Hotels Corporation ("Hyatt") based on personal injuries suffered while staying at the Hyatt Regency Danang Resort and Spa in Vietnam (the "Hotel"). (D.I. 1). The only defendant named in the complaint is Hyatt, a Delaware corporation headquartered in Chicago, Illinois. (*Id.*). Plaintiffs claim that Hyatt is liable for its own negligence and, based on doctrines of apparent and actual authority, the negligence of the Hotel. (*Id.*; D.I. 11 at 8).

**Failure to State a Claim.** To recover on a negligence theory, Hyatt must owe a duty to the plaintiffs. *Gianfredi v. Hilton Hotels Corp.*, 2010 WL 1381900, at *9 (D.N.J. Apr. 5, 2010);

*Naghiu v. Inter-Cont'l Hotels Grp., Inc.*, 165 F.R.D. 413, 423 (D. Del. 1996).  A far-removed

parent usually does not owe a duty to the guest of a hotel that it does not directly own or exercise

control over.  *Gianfredi*, 2010 WL 1381900, at *9; *Rucker v. Marriott Int'l, Inc.*, 2004 WL 32946,

at *2 (E.D. Pa. Jan. 2, 2004).  Similarly, to recover under the theory of actual authority, Hyatt must

control or have the right to control the Hotel.  *Argro v. Marriott Int'l, Inc.*, 2014 WL 2572804, at

*5 (E.D. Pa. June 6, 2014).  Finally, apparent authority arises when: (i) a principal manifests that

an actor has authority to bind the principal, (ii) a third party reasonably believes the actor has

authority, and (iii) that belief is traceable to the principal's manifestation.  *Billops v. Magness

Constr.*, 391 A.2d 196, 198 (Del. 1978); *Snowstorm Acquisition Corp. v. Tecumseh Products Co.*,

739 F. Supp. 2d 686, 706 (D. Del. 2010).  To be liable for an apparent agency, the plaintiff must

show reasonable reliance on the principal's manifestations.  *Billops*, 391 A.2d at 198.

Hyatt argues that it cannot be held liable because it has no ownership interest in the Hotel

and is not involved in the management or operation of the Hotel.  (D.I. 5 at 4-9).  According to

Hyatt, an unrelated entity owns the Hotel and an indirect subsidiary manages the Hotel.  (*Id.* at 5).

In support of its assertions, Hyatt filed an affidavit from its Assistant Secretary Heidi M. Belz (the

"Belz Affidavit").  (*Id.* Ex. B).

As a general rule, the court may not consider on a motion to dismiss matters extraneous to

the pleadings.  *W. Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 97 n. 6 (3d Cir. 2010).  An

exception exists for documents "integral to or explicitly relied upon in the complaint."  *Id.*  The

Belz Affidavit does not fall within any exception.  *See Gilbertson v. Hilton Worldwide, Inc.*, 2013

WL 1352146, at *3 (D.N.J. Apr. 2, 2013) (stating that a certification by defendants that it did not

own, operate, or manage the hotel was extraneous to the pleadings).  If the parties present matters

outside the pleadings on a motion to dismiss and the court does not exclude them, "the motion

2

must be treated as one for summary judgment under Rule 56 [and] [a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. Pro. 12(d).

Even if I could consider the Belz Affidavit, it would not fully resolve the issue of apparent authority. Apparent authority does not focus on the existence of an actual principal-agent relationship, but on the appearance of one. *Billops*, 391 A.2d at 198; *AT & T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1434 (3d Cir. 1994) ("'Apparent authority arises in those situations where the principal causes persons with whom the agent deals to reasonably believe that the agent has authority' despite the absence of an actual agency relationship." (quoting *Barticheck v. Fidelity Union Bank/First Nat'l State*, 680 F. Supp. 144, 148–49 (D.N.J. 1988)).

Although I cannot grant Hyatt's motion to dismiss, I note that similar types of cases are sometimes resolved on summary judgment based on the same arguments. *See Rucker v. Marriott Int'l, Inc.*, 2004 WL 32946, at *2 (E.D. Pa. Jan. 2, 2004) (considering on summary judgment evidence that Marriott International, Inc. neither owned nor operated the hotel where plaintiff was purportedly injured); *Gianfredi v. Hilton Hotels Corp.*, 2010 WL 1381900, at *2 (D.N.J. Apr. 5, 2010) (noting that the parties were ordered to engage in limited discovery regarding the parent corporation's ownership and operation of the hotel before the court could decide defendant's motion to dismiss); *Capriglione v. Radisson Hotels Int'l, Inc.*, 2011 WL 4736310, at *3 (D.N.J. Oct. 5, 2011) (considering on summary judgment theories of agency and apparent authority between a hotel and its franchisor); *Toppel v. Marriott Int'l, Inc.*, 2008 WL 2854302, at *10 (S.D.N.Y. July 22, 2008) (same). Accordingly, it is appropriate to consider these arguments after the parties have had an opportunity to engage in discovery regarding whether Hyatt owed a duty to plaintiffs or had an actual or apparent agency relationship with the Hotel.

3

**Forum Non Conveniens**. Hyatt has failed to carry its burden that the complaint should be dismissed on the grounds of *forum non conveniens*. As an initial matter, Hyatt bears the burden of demonstrating the existence of an adequate alternative forum. *Rudisill v. Sheraton Copenhagen Corp.*, 817 F. Supp. 443, 445 (D. Del. 1993). An alternative forum is considered adequate if: (i) the defendant is amendable to process in that forum; and (ii) there is a cause of action in the alternative forum which provides the plaintiff redress for his injury. *Lynch v. Hilton Worldwide, Inc.*, 2011 WL 5240730, at *2 (D.N.J. Oct. 31, 2011).

In contrast to the cases on which it relies, Hyatt has not demonstrated that it is amenable to process in either Vietnam or South Korea or that either country's legal system could provide redress for plaintiffs' alleged injuries. *See Lynch*, 2011 WL 5240730, at *2 (relying on defendant's declaration that it is amenable to process in the United Kingdom and citing the cases and statutes from that forum which provide plaintiff with a cause of action); *Rudisill*, 817 F. Supp. at 446 (relying on an affidavit from an experienced Danish attorney that plaintiffs would have a cause of action in Denmark); *Miller v. Boston Sci. Corp.*, 380 F. Supp. 2d 443, 448 (D.N.J. 2005) (relying on defendant's statement in its brief that it has a presence in Israel and is subject to the jurisdiction of the Israeli courts); *Rodriguez v. Samsung Elecs. Co.*, 734 F. Supp. 2d 220, 224-25 (D. Mass. 2010) (relying on affidavits from both parties that South Korea would exercise jurisdiction over the case and that Korean law allows recovery for the type of injury suffered and damages sought); *Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd.*, 770 F. Supp. 832, 838 (S.D.N.Y. 1991) (conditioning dismissal on defendant's consent to personal jurisdiction in the alternative forum and noting that litigation stemming from the same collision was already ongoing in the alternate forum).

4

NOW, THEREFORE, at Wilmington this __8th__ day of January, 2016, it is HEREBY

ORDERED that:

1.      Pursuant to Fed. R. Civ. Pro. 12(d), Hyatt's motion to dismiss for failure to state a

claim (D.I. 4) is **CONVERTED** to a motion for summary judgment pursuant to Fed. R. Civ. Pro.

56 with regard to whether Hyatt owed a duty to plaintiffs or had an actual or apparent agency

relationship with the Hotel.

2.      The parties will provide a stipulated scheduling order setting forth appropriate

deadlines for discovery and subsequent submissions to the Court on these issues.

3.      Hyatt's motion to dismiss on the grounds of *forum non conveniens* (D.I. 4) is

**DENIED.**

United States District Judge

5