IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

H.Y.C., a minor, by her Parents and       )
Next Friends, KYUNG CHUL CHO              )
and JIN HEE CHO, individually,           )
SEONG YUN, individually, and             )
S.Y.C., a minor, by his Parents and      )
Next Friends, KYUNG CHUL CHO             )
and JIN HEE CHO,                         )
                                          )
                 Plaintiff,               )
                                          )
        v.                                )        Civ. No. 15-887-RGA
                                          )
HYATT HOTELS CORPORATION,                 )
a Delaware Corporation                    )
                                          )
                 Defendant.               )

## MEMORANDUM ORDER

Pending before the court is Plaintiffs' motion for leave to amend their original complaint.

(D.I. 28). On October 2, 2015, Plaintiffs filed a complaint against defendant Hyatt Hotels

Corporation ("Hyatt") alleging various claims of negligence based on personal injuries plaintiff

H.Y.C. suffered in a pool at the Hyatt Regency Danang Resort and Spa in Vietnam (the "Hotel").

(D.I. 1). The complaint alleged that Hyatt was liable based on the franchisor-franchisee

relationship it had with the Hotel. (*Id*. at ¶¶ 10-12, 63, 73).

### I.   **Background**.

On November 5, 2015, Hyatt moved to dismiss the complaint pursuant to Rule 12(b)(6)

and *forum non conveniens*. (D.I. 4). Hyatt essentially argued that Plaintiffs' claims failed under

Rule 12(b)(6), because Plaintiffs could not show that Hyatt owed them a duty. (D.I. 5 at 4). Hyatt

claimed that it was neither a franchisor nor an owner of the Hotel. (*Id*. at 5). In support of its

assertion, Hyatt filed an affidavit stating that an unrelated entity owned the Hotel and an indirect foreign subsidiary named Hyatt International-Asia Pacific, Limited ("Hyatt Asia-Pacific"), managed the Hotel. (*Id*. Ex. B; D.I. 5 at 5). If true, these facts suggested that Hyatt owed no duty to Plaintiffs, because a far-removed parent does not owe a duty to the guest of a hotel that it does not directly own or directly exercise control over. *See Gianfredi v. Hilton Hotels Corp.*, 2010 WL 1381900, at \*9 (D.N.J. Apr. 5, 2010) (holding that a parent company owes no duty to the guest of a hotel "which it does not directly own or exercise control over"); *Rucker v. Marriott Int'l, Inc.*, 2004 WL 32946, at \*2 (E.D. Pa. Jan. 2, 2004) (holding that a parent corporation does not owe a duty to a plaintiff injured at a hotel that a third party owned and a wholly-owned subsidiary operated).

Nevertheless, the court could not grant Hyatt's motion based on the affidavit, because that would require considering matters extraneous to the pleadings, in contravention of Rule 12(b)(6). (D.I. 14). Moreover, the affidavit did not resolve whether Hyatt owed a duty to Plaintiffs based on apparent authority. (*Id.*). Apparent authority does not focus on the existence of an actual principal-agent relationship, but on the appearance of one. (*Id.*). Accordingly, the court denied the motion to dismiss and ordered the parties to engage in limited discovery "regarding whether Hyatt owed a duty to plaintiffs or had an actual or apparent agency relationship with the Hotel." (*Id.*).

According to Plaintiffs, discovery has confirmed that "[a]t all relevant times, the Hotel was managed and controlled by Hyatt Asia-Pacific." (D.I. 28 Ex. B ¶ 2 n. 1). Hyatt Asia-Pacific entered into a management agreement with the Hotel, which provided that Hyatt-Asia Pacific "controlled the standards, employee training requirements, guest safety protocols, and other specifications to which the Hotel was operated." (*Id*. at ¶ 17). Further, "Hyatt Asia-Pacific ...

2

agreed to operate 'all facilities' at the Hotel, including the 'recreational facilities' such as the swimming pool." (*Id*. at ¶ 18). Hyatt Asia-Pacific "retain[ed] the right to inspect and investigate the Hotel to ensure ongoing compliance with [its] rules and regulations." (*Id*. at ¶ 17).

Plaintiffs now seek leave to amend the complaint to add these allegations and two new defendants. (D.I. 28). Neither of the proposed new defendants is Hyatt Asia-Pacific. Instead, Plaintiffs propose adding Hyatt International Hotels Corporation ("Hyatt International") and Hyatt Technical Services, Inc. ("Hyatt Technical"). (*Id*. at 3). According to Plaintiffs, Hyatt International "controlled" the marketing for the Hotel pursuant to a marketing sublicense agreement. (D.I. 28 Ex. B ¶¶ 14, 24-25). Hyatt Technical "controlled" the design of the swimming pool at the Hotel pursuant to a technical services agreement. (*Id*.at ¶¶ 15, 22-23). The proposed amended complaint does not identify the counterparties to these contracts. The amended complaint alleges that Hyatt International and Hyatt Technical are "indirect subsidiaries" of Hyatt and, through these indirect subsidiaries, Hyatt controlled the Hotel. (*Id*. ¶¶ 13-15). The proposed amended complaint is not clear as to the legal theory pursuant to which the acts of the subsidiaries should be attributed to the corporate parent.

## II. **Standard**.

Under the relevant portion of Fed. R. Civ. P. 15(a), Plaintiffs may amend their pleading with the court's leave. The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendment, however, is not automatic. *Szubielski v. Pierce*, 152 F. Supp. 3d 227, 232 (D. Del. 2016). Leave to amend may be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

3

amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S at 182. Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *Szubielski*, 152 F. Supp. 3d at 233.

## III. **Discussion**.

Perhaps Plaintiffs' motion should be denied as futile, but it is not entirely clear, and I think the better course would be to allow the amendment and to grant summary judgment where appropriate. There is no dispute that Hyatt did not directly own the Hotel or directly control its day-to-day operations. Plaintiffs admit that the Hotel was under the direct control of Hyatt Asia-Pacific. (D.I. 28 Ex. B ¶ 2 n. 1). Additional indirect subsidiaries, such as Hyatt International and Hyatt Technical, may have had control over some aspects of the Hotel's operation, as Plaintiffs allege. (*Id.* at ¶¶ 14-15). But absent some "alter ego" theory, agency relationship, or a piercing of the corporate veil, a far-removed parent cannot be held liable for the acts of its subsidiaries.[1] *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, Inc.*, 456 F. Supp. 831, 839 (D. Del. 1978); *Gianfredi*, 2010 WL 1381900, at \*9; *Rucker*, 2004 WL 32946, at \*2. The proposed amended complaint has not explicitly advanced any of these theories, but I think they are, at least, implied. Ultimately, a complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). Plaintiffs may not be able to show

---

[1]     This does not mean that Hyatt cannot be held liable for its own conduct under the theory of apparent agency. *See Capriglione v. Radisson Hotels Int'l, Inc.*, 2011 WL 4736310, at \*4 (D.N.J. Oct. 5, 2011) (explaining that under apparent authority, "a party must show that ... 'the appearance of authority has been created by the conduct of the alleged principal and not solely by the conduct of the putative agent'" (quoting *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 374 (D.N.J. 2004)).

4

that a duty can be imposed on Hyatt based on the acts of its subsidiaries, but I think that is a decision that would be better made on summary judgment, after considering whatever record the parties have developed.

The court notes that discovery has provided Plaintiffs with the identity of the entity responsible for the day-to-day operations of the Hotel and its swimming pool—Hyatt Pacific-Asia. Plaintiffs, however, have declined to pursue claims against that entity. Thus, it may be that the grant of leave to amend simply invites further motion practice on whether Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 19(b) for failure to join an indispensable party. *See, e.g., Deere v. Am. Water Works Co., Inc.*, 2015 WL 1397086, at *3 (S.D. Ind. Mar. 26, 2015) (dismissing negligence claims against parent for failure to join a subsidiary where plaintiffs alleged that parent "through [the subsidiary] was responsible for the water services" that injured plaintiff); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 906 (C.D. Cal. 2011) ("Because a [U.S. parent] is not liable for its foreign subsidiaries' actions … absent an agency or alter ego relationship, the Court cannot afford complete relief to Plaintiffs in the absence of the unnamed foreign entities."); *Armstrong v. Am. Disposal Serv., Inc.*, 1994 WL 544145, at *4 (D. Kan. Sept. 1, 1994) (finding that complete relief cannot be accorded among the parties where plaintiffs "sued only the parent corporation" and not the subsidiary which was "the actual owner and operator of the facility" that created the alleged nuisance). But the issue has not been briefed to date, and thus I do not consider it further at the present time.

One further pleading issue, which I do not think is fatal to the motion for leave to amend, is that the proposed amended complaint lumps Hyatt International and Hyatt Technical together with Hyatt under the collective label "Hyatt Defendants." *(See, e.g.*, D.I. 28 Ex. B ¶¶ 60, 72). "Liability must be assessed with regard to each entity individually—even when conducting a veil-

5

piercing or agency analysis." *Doe v. Exxon Mobil Corp.*, 573 F. Supp. 2d 16, 30 (D.D.C. 2008) (explaining that plaintiffs cannot "simply lump[] the U.S. Defendants together" under the same label and evaluating whether sufficient evidence exists to establish liability for each defendant separately). Thus, in the upcoming summary judgment briefing, each defendant will be considered individually. The possibility of claims against Hyatt International and Hyatt Technical should not hinder Hyatt's ability to finally resolve whether it is a proper defendant in this litigation.

NOW, THEREFORE, at Wilmington this 2̃2̃ day of December, 2016, it is HEREBY ORDERED that Plaintiffs' motion for leave to amend (D.I. 28) is GRANTED.

Richard G Andrews

United States District Judge

6